BROWN, Appellant, *vs.* EMERSON, Respondent.

18 103
38a 105

1. Where a plaintiff, who was suing for damages to a boat, proved damage but not the amount of it, a judgment was erroneously given for the defendant, instead of a judgment for the plaintiff for nominal damages.

*Appeal from St. Louis Law Commissioner's Court.*

RYLAND, Judge, delivered the opinion of the court.

Emerson, the defendant, chartered from Brown the steamer Monongahela, and agreed to run her three trips a week for two months, to and from Quincy, Illinois. He also agreed to re-

turn the boat in as good order as she was when he got her, and acknowledged that she was in good repair at the time he made the contract. He returned the boat, but Brown alleges that she was injured and damaged, so that it took repairing to the amount of one hundred dollars to have her in as good repair as when Emerson first got her. Emerson paid the sum of twenty-five dollars, on a bill of work for the repairs, amounting to one hundred dollars. Brown had to pay the balance, seventy-five dollars, and this suit is for that sum.

Emerson answered, admitting the contract, and stated that, when he returned the boat to Brown, it was agreed by and between Brown, the plaintiff, and himself, that Spencer J. Ball, who had been the captain of the boat during the two months that Emerson run her to Quincy, should assess and determine the damages which had been sustained by said boat, during the time she was in possession of Emerson; that said Ball did assess the damages; that plaintiff, Brown, agreed to the amount so assessed, and that Emerson paid the same and delivered the boat in compliance with the contract.

In the progress of the case, the plaintiff became nonsuited; however, the judgment of nonsuit was afterwards set aside and a trial was had, and judgment rendered for the defendant.

Plaintiff moved to set aside this judgment and grant him a new trial, which motion was overruled, and the plaintiff brings the case to this court.

The following is the finding of the court:

"Defendant chartered the steamboat Monongahela from plaintiff, on the 12th May, 1851, for sixty days, by contract, in writing, signed by defendant, in which he covenanted, in substance, to return the boat at the expiration of the time, in as good order and condition as she was at the time of chartering, all damage, wear or tear of the boat, during said sixty days, to be repaired by the defendant; that the boat was not returned in good repair, as provided in the contract, but is alleged to have been damaged to the amount of seventy-five dollars and forty cents at the time she was returned. A bill

of the items of the repairs of damages is produced, amounting to one hundred dollars and forty cents ; a receipt for the sum of twenty-five dollars, in said bill, from defendant, is shown, signed by one J. B. Brown, also a receipt from plaintiff of seventy-five dollars and forty cents, signed by one J. B. Brown, for the balance of said bill ; the said J. B. Brown being the individual who did the repairs to the boat. The latter receipt of seventy-five dollars and forty cents is offered by the plaintiff as evidence going to show the amount of the damage sued for, being evidence of the amount paid by him for repairs, which is not considered as evidence by the court. The only witness offered by the plaintiff to testify concerning the damage, testified that considerable damage was done to the boat, whilst defendant had her ; testifies in what manner some of the damage was done ; that he was the pilot of the boat ; that he thinks one hundred dollars would not be an unreasonble price for the damage ; but that he is entirely unacquainted with the value of ship carpenter's work, and could not testify to the value of any particular item of the repairs as charged in the bill of items. This being all the testimony, the court is unable to find for the plaintiff upon the proof. Plaintiff refuses to take a nonsuit, judgment for the defendant."

1. This finding of the court sets forth the evidence on some of the points, instead of finding the facts ; yet enough facts appear in the finding of the court to authorize the court to give judgment below for the plaintiff, for a nominal amount at least ; and such judgment ought to have been given. There is no fact found, nor is there any evidence in the bill of exceptions tending to prove the assessment of the damages and the payment thereof, as stated in the answer.

The facts found by the court, although mixed up with the evidence given on the trial, are sufficient to have warranted the court to have found for the plaintiff, at least for a nominal sum. And had such a finding and judgment been given, this court would have suffered it to stand, in order to make plain-

tiffs become better prepared to prove their cases in future. As it is, the judgment is reversed and the cause remanded, the other judges concurring.