## THE STATE, EX REL. ALFORD, *v.* BLANCH ET AL.

SHERIFF —*Liability for Failure to Return Execution.*—*Complaint.*—*Damages.*—Sections 482, 484 and 485 of the practice act have so far changed the common-law rule, as to authorize an execution plaintiff to maintain an action against a sheriff individually, or .against him and his sureties, on his bond, for his failure to return an execution within one hundred and eighty days; but a complaint which merely alleges his failure to return the execution, as the ground for damages, is sufficient to authorize the recovery of nominal damages only, as a greater recovery can be had only upon allegations of fact showing special damages.

SAME.— *Delay in Levying.*—*Negligence.*—Inasmuch as, by section 438 of the practice act, a sheriff has sixty days after receiving an execution within which to make a levy and an offer to sell, his delay, on account of his duties in relation to prior writs in his hands, for fourteen days after receiving an execution, to levy the same, does not, in the absence of a direction or notice to levy at once, constitute negligence.

PRACTICE.—*Ruling on Demurrer Rendered . Harmless by Admission.*—*Evidence.*—Error in overruling a demurrer questioning the sufficiency of an answer is rendered harmless by an admission, in an agreed statement of facts, that the allegations of the answer are true.

From the Howard Circuit Court.

*J. M. Judah* and *A. S. Caldwell,* for appellant.

*N. R. Linsday,* for appellees.

NIBLACK, J.—This was an action by the State, on the relation of Thomas G. Alford, against Willis Blanch, late sheriff of Howard county, and his sureties, Charles Morrow, Nathaniel P. Richmond, Charles E. Hendry, Nathaniel R. Linsday and Tence Lindley, upon his official bond. The complaint was in two paragraphs.

The first alleged the recovery of a judgment in the Superior Court of Marion County, on the 5th day of May, 1874, by the relator, against one Ellis Williams and others, and the issuance and delivery of an execution upon such judgment to Blanch, as sheriff as above stated; that, although one hundred and eighty days had elapsed after the delivery of such execution to the said Blanch, and before the commencement of this action, yet he, as such

sheriff, has failed to return said execution, to the damage of the relator. Wherefore judgment was demanded.

The second was similar to the first, except that it did not allege a failure to return the execution, but instead averred, that, at the time the execution was delivered to Blanch, the execution defendants had property enough in Howard county to satisfy the execution, and that the said Blanch had failed to levy upon said property.

A demurrer to the first paragraph was filed and overruled. The defendants all answered in general denial.

Blanch answered separately, that the execution came into his hands on the 11th day of May, 1874, and that, on the 25th day of the same month, he demanded property of the execution defendants, and was unable to find sufficient property to satisfy said execution ; that, at the time said execution was delivered to him, he had sixty older executions in his hands, and numerous other legal processes, consisting of summonses, warrants and attachments, amounting in all to one hundred, and all requiring his attention; that for this reason, and the press of other official duties, it was out of his power to serve said execution and search for property sooner than he did, without the use of extraordinary diligence and without neglecting other official duties; that he had not been notified by the relator or any one else, that more prompt action was necessary to secure the satisfaction of such execution.

A demurrer to Blanch's separate answer was interposed and overruled, and a reply in denial was thereupon filed.

A statement of facts was then agreed upon by the parties, substantially as follows :

That a judgment was rendered in the Superior Court of Marion county, for over four hundred dollars, as charged ; that an execution upon the same was delivered to Blanch, who was sheriff as charged, on the 11th day of May, 1874; that, on the 25th day of the same month, said Blanch levied

said execution upon certain property, most of which was claimed and taken as exempt from execution; that on the 27th day of June, 1874, by a sale of so much of such property as was liable to execution, he realized only the sum of twenty-nine dollars, out of which he paid twelve dollars printer's fees for advertising sale of property, and retained eight dollars and five cents for his own fees; that said Blanch did not return said execution until February 11th, 1875, when he paid over to the clerk of the superior court of Marion county the sum of eight dollars and ninety-five cents; that on and after May 25th, 1874, the execution defendants had no other property in Howard county subject to execution; that for several days after May 11th, 1874, that is to say, until May 19th of the same month, Williams and VanHook, two of the execution defendants, were possessed of a stock of merchandise, in a store in Fairfield, in Howard county, subject to said execution and sufficient in amount to have satisfied the same; that on the said 19th day of May, 1874, said stock of merchandise was levied upon by and was afterward sold under divers executions issued by certain justices of the peace of Howard county. It was further agreed that the matters of fact alleged in Blanch's separate answer were true.

Upon this agreed statement of facts, the court made a finding for the plaintiff, upon the first paragraph of the complaint, and assessed merely nominal damages against the defendants upon that paragraph, and found for the defendants, upon the second paragraph of the complaint. Judgment was rendered in accordance with the findings of the court.

The plaintiff has appealed, and assigned error upon the overruling of the demurrer to the separate answer of Blanch, and upon the findings of the court upon the agreed statement of facts.

Cross error has been assigned upon the overruling of the demurrer to the first paragraph of the complaint.

In its natural order, the question raised by the cross error ought to be first considered.

At common law, no action could be maintained against a sheriff for a neglect to return an execution. The practice was to compel a return and then to seek a remedy upon that, if untrue. Gwynne on Sheriffs, 569 ; *Pardee* v. *Robertson,* 6 Hill, 550.

To our minds it is not an entirely clear proposition, but we are inclined to the opinion, and accordingly act upon the assumption, that sections 482, 484 and 485 of the code, 2 R. S. 1876, p. 222, when construed together, have so far changed the common-law rule as to authorize a party in interest to maintain an action against a sheriff, either individually or upon his bond, for failing to return an execution, for such damages as such party may have sustained by reason of such failure; but that, to entitle the party to recover more than nominal damages, the facts upon which he relies for a recovery must be set forth in his complaint.

With this construction of the sections of the code referred to, we are brought to the conclusion that the first paragraph of the complaint was good for nominal damages, but for nothing more. That paragraph being good for nominal damages, the court did right in refusing to sustain a demurrer to it, as complained of by the appellees, and for the reasons given.

There was no error in the failure of the court to find more than nominal damages under that paragraph.

As has been seen, the statement of facts agreed upon by the parties admitted that the matters set up in the separate answer of Blanch were true. That admission brought the facts averred in that answer into the cause, as a part of the evidence which was submitted to and considered by the court, and which this appeal requires us to review here. Hence, if there was error in the ruling of the court upon the sufficiency of Blanch's answer, it was a harmless error.

By section 433 of the code, 2 R. S. 1876, p. 205, Blanch had sixty days after the execution came into his hands, in which to make a levy and an offer of sale. In view of this provision of the code, and of the facts admitted upon the trial, we are unable to say that Blanch was guilty of negligence in delaying to make a levy of the execution in question for fourteen days after he received it, in the absence of some direction or notice that greater diligence was necessary. Consequently, the finding of the court, under the second paragraph of the complaint, was, in our estimation, sustained by the evidence.

The judgment is affirmed, at the costs of Alford, the relator of the appellant.