No. 7643.

THE STATE, EX REL. TINKLER, *v.* HAMMOND ET AL.

CONSTABLE.—*Action on Bond.*—*Pleading.* — *Complaint.*—*Accessory Averments for full Damages.*—*Nominal Damages.*—Although the complaint in an action on a constable's bond for failure to collect a judgment on execution is insufficient, as a demand for full damages, for the want of a direct averment that the execution defendant had sufficient property subject to execution to satisfy the same or some part thereof, and for not averring the facts constituting the return thereon of "No property found" a false return, and for not averring the value of the property charged in the complaint to have been improperly set off to the execution defendant as exempt from execution, yet it may, nevertheless, be sufficient for nominal damages, and therefore sufficient on a general demurrer thereto.

SAME.—Nor can these omitted averments be supplied by the allegation, that, by the delay of such constable, the execution defendant was enabled to and did dispose of all his property subject to execution.

SAME. — *Evidence.* — *Recovery.* — *Practice.* —The substantial rights of a plaintiff can not be held to have been abridged by any ruling of the trial court upon the evidence, however erroneous, when he has, nevertheless, obtained judgment for all his complaint entitled him to recover.

From the Spencer Circuit Court.

*C. H. Mason, R. S. Hicks* and *W. W. Medcalf,* for appellant.

*C. L. Wedding,* for appellees.

NIBLACK, C. J.—This was a suit by the State, on the relation of James Tinkler, against Perry A. Hammond, as principal, and John A. Wilbern and George Wandel, as

sureties, on a constable's bond. The complaint consisted of two paragraphs. The breach assigned in the first paragraph was that an execution was issued from the docket of one Charles S. Finch, a justice of the peace of Hammond township, in Spencer county, in favor of the relator and against Henry Rue, John K. Ribkey and George T. Beard, upon a judgment previously rendered, in which the relator was plaintiff and the said Henry Rue was defendant, for $194.52 and costs, and upon which the said Ribkey and Beard had become replevin bail, and delivered to said Hammond, as constable of said township, which execution commanded the said Hammond to make said sum of money and costs out of the goods and chattels of said Rue, Ribkey and Beard; that the said Hammond wholly failed, neglected and refused to make said sum of money and costs as commanded, but falsely and fraudulently returned said execution, "No property found" whereon to levy, first setting apart to the execution defendants all their property as exempt from execution, without any proper schedule, and without any demand to have their property so set apart to them; that, after said execution was issued and delivered to him, the said Hammond wholly failed, neglected and refused to levy the same for a period of sixty days, whereby the execution defendants were enabled to dispose, and did dispose, of all their property subject to execution; by reason of which failure and neglect and refusal, the relator was unable to collect the amount due on said execution, to his damage in the sum of $300.00.

The second paragraph was similar to the first, except that it averred that Hammond returned the execution "No property found," with a pretended schedule of the property of the execution defendant Rue, which was fatally defective, alleging several particulars in which it was so defective, whereby the relator lost his recourse on his assignor, the said Charles T. Nelson.

Separate demurrers were filed to each paragraph of the complaint, and overruled as to both paragraphs.

There was a finding and judgment for one dollar, in favor of the plaintiff.

The plaintiff made an unsuccessful motion for a new trial, and, as the appellant here has assigned error upon the overruling of that motion. The appellees have assigned cross error upon the overruling of their demurrer to both paragraphs of the complaint.

In support of their cross error, the appellees argue that both paragraphs of the complaint were bad for not averring, in some direct form, that the execution defendants had sufficient property subject to execution to satisfy the execution issued and delivered to Hammond, or some part thereof, and for not averring the facts which constituted the return of "No property found" a false return; also, for not averring the value of the property charged to have been improperly set off to the execution defendants as exempt from execution.

For want of some one of the averments thus enumerated, both paragraphs were obviously insufficient as demands for full damages. None of these omitted averments were, inferentially or otherwise, supplied by the allegation that, by the delay of the constable, the execution defendants were enabled to dispose, and did dispose, of all their property subject to execution, as the value of the property so alleged to have been disposed of was not stated.

But, notwithstanding our conclusion that both paragraphs of the complaint were bad for full damages, we think they were both good for merely nominal damages, and that, being good for some amount of damages, the court did right in overruling the demurrer to both of them. *Fox* v. *Wray,* 56 Ind. 423 ; *Terrell* v. *The State, ex rel. Root,* 68 Ind. 155 ; *Terrell* v. *The State, ex rel. Grubbs,* 66 Ind. 570 ; *The State, ex rel. Alford,* v. *Blanch,* 70 Ind. 204.

In support of the error assigned by the appellant, ques-

tions are made upon the sufficiency of the evidence to sustain the finding of the court, and upon the admission of certain evidence offered by the appellees. But, as the complaint was only good for nominal damages, and as the relator obtained judgment for as much as the allegations of the complaint entitled him to recover, he has no reason to complain of any ruling upon the evidence, because the supposed tendency of such ruling was to prevent him from recovering a larger sum.

The substantial rights of a party plaintiff can not be held to have been abridged by any ruling upon the evidence, however erroneous in the abstract, when he has nevertheless obtained judgment for all his complaint entitled him to recover.

The judgment is affirmed, with costs.