STATE OF MISSOURI TO THE USE OF GODDARD, PECK & COMPANY, Appellant, v. M. M. RAYBURN ET AL., Respondents.

St. Louis Court of Appeals, May 13, 1886.

| | |
|---|---|
| 22a | 303 |
| 31a | 389 |
| 22 | 303 |
| 38 | 105 |
| 22 | 303 |
| 50 | 685 |
| 22 | 303 |
| 65 | 8 |

1. SHERIFF'S BOND—LEVY—EXECUTION—RELEASE—DAMAGES.—In an action on a sheriff's bond for damages for the improper release of a levy of attachment the plaintiff is entitled to nominal damages without proof that the debt was thereby lost or that its collection was thereby delayed.

2. —— In such an action, it is, except in the city and county of St. Louis, no defence that the property was claimed by a third person and that the sheriff demanded an indemnifying bond, which the plaintiff promised, but failed to give.

3. —— AMENDMENT OF SHERIFF'S RETURN.—In such an action, on a change of venue from another county, the court has no power to allow the sheriff to amend his return to the attachment suit, which was not removed by the change of venue.

4. APPELLATE PRACTICE—NOMINAL DAMAGES.—A judgment for the defendant in a case where the plaintiff is entitled to nominal damages will be reversed for errors at the trial which were prejudicial to the plaintiff.

APPEAL from the Butler County Circuit Court, JOHN G. WEAR, Judge.

*Reversed and remanded.*

J. W. EMERSON and THOMAS METCALFE, for the appellant.

S. M. CHAPMAN, for the respondents.

THOMPSON J., delivered the opinion of the court.

This action is brought on the official bond of the defendant Rayburn, as sheriff of Dunklin county, to recover special damages alleged to have been sustained through a breach by the sheriff of the said bond in re-

leasing the levy of an attachment which he had made
at the instance of the plaintiffs in a suit begun by the
plaintiffs against a partnership firm called Spiller,
Haynes & McRee, who were debtors to the plaintiffs,
whereby the plaintiffs lost the debt and costs. The
amended petition, on which the cause was tried, charges
the following facts as showing the damages sustained by
the plaintiffs through the wrong complained of : That
Spiller, Haynes & McRee were indebted to the plaintiffs
in the sum of $1,535.32 ; that the suit in which the at-
tachment was issued was prosecuted to a judgment in
favor of the plaintiffs in the sum named ; that the costs
of the suit were taxed at the sum of $11.59 : that execu-
tion issued upon this judgment and was duly returned
*nulla bona ;* that the plaintiffs have never received any
part of said debt and costs, and that said Spiller, Haynes
& McRee are insolvent. All of which allegations were
put in issue by the general denial in the answer.

The cause was removed, by change of venue, to the
circuit court of Butler county, where a trial was had be-
fore the court sitting as a jury, which resulted in a ver-
dict and judgment for the defendant, from which the
plaintiffs appeal.

The record does not show that any evidence was
given at the trial tending to sustain these allegations of
special damage. It does not show that evidence was
given tending to show that an execution had been issued
upon the judgment above named and returned *nulla
bona,* nor does it show that any evidence was offered
tending to prove that the plaintiffs had failed to collect
their debt and costs, or that Spiller, Haynes & McRee
were insolvent. On the contrary, so far as the record
discloses, all the evidence presented at the trial was di-
rected to the fact of the bringing of the suit by the
plaintiffs against Spiller, Haynes & McRee, the issuing
of the attachment therein, its levy by the defendant Ray-
burn on the books of account of Spiller, Haynes & Mc-
Ree, his release of the levy, with the attending circum-

stances, and the subsequent recovery by the plaintiffs, in the suit in which the attachment was issued, of the judgment for their debt and costs, in the sums named, against Spiller, Haynes & McRee. Here the plaintiffs' evidence, according to the record, stops.

I. In this state of the record we are pressed to affirm the judgment, on the ground that, without reference to the rulings of the court in the progress of the trial, not even nominal damages could have been recovered by the plaintiffs. We are of opinion that we can not affirm the judgment, for this reason, because the plaintiffs were entitled to nominal damages. An examination of the authorities shows that nominal damages are constantly given for the most barren infractions of legal rights, and wholly without reference to the question whether such infractions have resulted in loss to the plaintiff or not. 1 Suth. on Damages, 9, *et seq.* Our courts have constantly recognized and acted upon this rule. *Jones v. Hannovan*, 55 Mo. 462; *Owen v. O'Reilly*, 20 Mo. 603; *Brown v. Emerson*, 18 Mo. 103. In *The State ex rel. v. Dunn* (60 Mo. 64), the action was upon a constable's bond, and the breach assigned was, that the constable had taken a bond in an action of replevin, one of the sureties upon which was not qualified. It was conceded that this was a technical breach of the bond, but it was said by Vories, J., that if the other surety was good for the amount of the bond, only nominal damages could be recovered. The same doctrine is found in decisions in other jurisdictions which have considerable analogy to the present action. *The State ex rel. v. Hammond*, 72 Ind. 472; *Daw v. Humbert*, 91 U. S. 294; *Clifton v. Hooper*, 6 Q. B. 468. It, therefore, appears that the plaintiffs, if they succeeded in proving a breach by the defendant Rayburn of his official bond, were entitled to recover nominal damages. In jurisdictions where nominal damages do not carry costs, courts have refused to reverse judgments in order to allow the plaintiffs to

recover such damages ; but as, under our system of procedure, nominal damages carry costs, the right to recover nominal damages is a substantial right which entitles the plaintiff to a reversal of the judgment if errors prejudicial to him were committed in the course of the trial.   The rule which allows this, though firmly founded in authority, is one with which modern judicial opinion is becoming dissatisfied ; but, in this case, if it were open to doubt, less hesitancy might be felt in applying it, because there is reason to believe, from an affidavit submitted by the appellant's counsel, and from statements made at the bar during the argument, that the failure of the bill of exceptions to set out the execution and the return thereon was due to an inadvertence, and that the instrument was, in fact, put in evidence at the trial.

II.   The answer set up two defences.   The first was, that the books and accounts, upon which the levy was alleged to have been made, belonged at the time to J. S. Kochtitzky & Co., and that the attachment defendants had no interest in them at the time.   The second was, that the plaintiffs were, at the time of the alleged levy, informed of the ownership of the books, as above stated, and that indemnity was demanded, which the plaintiffs promised, but failed and neglected to give. The second of these defences might have been stricken out, on motion.   It was not good in point of law.   Outside of the local statute, known as the sheriff and marshal's act, applicable only to the city of St. Louis and the county of St. Louis, there is no provision of law allowing the sheriff to demand an indemnifying bond in an attachment suit when the goods levied upon are claimed by a third party, though such a provision exists in the case of a levy under an execution.   "In all cases of seizure of personal property, under attachment, the officer is compelled to determine, at his peril, whether the property seized is that of the defendant in the writ. And after it comes into his possession, he holds it as an officer, for the true owner, whether such owner's right

thereto accrued the day before the levy of the writ or the day after. In either case, of course, after dissolution of the attachment, it would, *prima facie*, be his duty to return it to the person from whom it had been taken. Our statute provides no indemnity for the sheriff in such cases." *The State to use v. Fitzpatrick*, 64 Mo. 185, 189. See, also, *The State ex rel. v. Koontz*, 83 Mo. 323, 330; *Clarkson v. Guernsey Furniture Co., ante, p.* 109. It follows, also, that all evidence touching a demand by the sheriff of indemnity, and the promise of the plaintiffs to give it, and their subsequent failure to do so, was immaterial, and should have been excluded, upon objection.

III. The attachment suit in which the books of account of Spiller, Haynes & McRee had been levied upon, was prosecuted in the circuit court of Dunklin county. The attachment, with the sheriff's return thereon, was one of the records of the circuit court of that county. This action was originally brought in that county, but was removed by change of venue to Butler county. On the trial of this action, the circuit court of Butler county allowed the sheriff to amend his return to the attachment by writing an amended return, so called, upon the copy of the writ of attachment which had been certified by the clerk of the circuit court of Dunklin county, and which was used by the plaintiffs in this suit in Butler county, as a mere instrument of evidence. This ruling was clearly erroneous. Whether the circuit court of Dunklin county could have properly permitted the sheriff to amend his return to the attachment after an action brought on his official bond in respect of his doings under the attachment, we need not consider, and we wish to be understood as intimating no opinion upon that point. But the attachment was not a record of the circuit court of Butler county. The record in the attachment suit was not removed by the change of venue from the circuit court of Dunklin county to the circuit court of Butler county; only the record in this action on the

sheriff's bond was so removed. The removal of the record in this action by the change of venue and the jurisdiction which the circuit court of Butler county thereby acquired to try this action against the sheriff of Dunklin county, and the sureties on his official bond, gave the circuit court of Butler county no jurisdiction to order an amendment of any other record of the circuit court of Dunklin county, merely because a transcript of it had been used in evidence in the pending suit in the circuit court of Butler county. The so-called amendment thus endorsed upon the transcript of the attachment was not an amendment at all, in point of law. It was a mere nullity, and the use of such an assumed amendment of such an instrument, as evidence, was palpable error.

The judgment will be reversed and the cause remanded. It is so ordered. All the judges concur.