Millie Ross, Respondent, v. New Home Sewing Machine Company, Appellant.

**St. Louis Court of Appeals, January 18, 1887.**

1. Trespass — De Bonis Asportatis — Quare Clausum Fregit.—In trespass *quare clausum fregit*, or *de bonis asportatis*, where the act complained of was done in the exercise of a supposed legal right, and without violence or oppression, the damages are compensatory merely.

2. ———,Damages, in such an action, are matters of direct proof, and not of conjecture ; and the plaintiff, failing to show substantial damages, can recover nominal damages only.

Appeal from the St. Louis Circuit Court, Daniel Dillon, Judge.

*Reversed and judgment.*

W. C. Marshall, for the appellant: There was no

evidence of any damage, and the plaintiff was entitled, at best, only to nominal damages, and the defendant's instruction to this effect should have been given. *Cyr v. Duffur*, 62 Mo. 20 ; *Webb v. Coonce*, 11 Mo. 9.

O. G. Hess, for the respondent.

Rombauer, J., delivered the opinion of the court.

The plaintiff's petition is in the following words :

"The plaintiff states that heretofore, to-wit, on the ———— day of June, 1884, she was in lawful possession of a certain house situated in the city of St. Louis, being numbered ———————— street, and also the lot and premises were then used and occupied by her as her home and place of residence. That at said time the defendant was, and still is, a corporation duly organized under, and by virtue of the laws of a state other than the state of Missouri, to-wit : The state of New York, having an office in this state, doing business therein.

"And the plaintiff further states, that on the day aforesaid, the defendant, by one of its certain agents, servants, and employes, maliciously, wrongfully, and unlawfully, and with force and arms, broke and entered said house, lot, and premises, and then and there made a great noise and disturbance therein, and seized, took, destroyed, and carried away, divers goods and chattels, in the possession of, and belonging to, her, this plaintiff, and being found in said house, among which was one sewing machine of great value, to-wit, of the value of seventy-five dollars, which sewing machine the defendant did, then and there, convert and dispose of, to its own use. By reason of all which, this plaintiff and her family were greatly disturbed and annoyed, and put in fear, and frightened, and prevented, and hindered, from carrying on and transacting her necessary and lawful business, and were caused to suffer great mental pain and anguish, all to

her damage in the sum of five thousand dollars, for which she prays judgment."

The answer of the defendant contained a general denial of the facts stated in the plaintiff's petition. It furthermore stated, in substance, that the plaintiff bought the sewing machine mentioned from the defendant for fifty-five dollars, agreeing to pay therefor in monthly installments, and executed a chattel mortgage on the machine to secure deferred payments as they became due. That default being made in the payment of several of these installments, and the plaintiff being guilty of a violation of the terms of the mortgage in other respects, the defendant entered the premises mentioned in the plaintiff's petition, and took the machine peaceably into its own possession, as it lawfully might, under the terms of the mortgage.

There was a reply denying the new matter set up in the answer, and claiming fraud in the execution of the mortgage, of which, however, there was no evidence.

The testimony at the trial tended to show the purchase of the machine by the plaintiff of the defendant's assignor, and the giving of the chattel mortgage by the plaintiff to the defendant, as claimed in the defendant's answer; also that the plaintiff was in default of payment on several of the installments. It further tended to show that on or about the time stated in the petition, the defendant's servant came upon the plaintiff's premises and carried the machine away by the defendant's direction. There was some slight evidence that the entry upon the premises occupied by the plaintiff, was against the consent of the plaintiff's sister, and a member of her family, then in charge of the premises. There was, also, some slight evidence tending to show that the plaintiff's sister made physical resistance to the removal of the machine.

There was no evidence whatever of any oppression or violence on the part of the defendant, or its servants.

On the question of damages, the court, upon the plaintiff's request, instructed the jury as follows:

"If the jury find for the plaintiff, they should award her full compensation for the injury, taking into consideration the nature and extent of the trespass to her premises and *property*, as shown by the evidence."

And refused the following instruction asked by the defendant :

"The court instructs the jury, that there is no proof in this case of any damage suffered by the plaintiff, and if their verdict should be for the plaintiff, they can only give her nominal damages, which is one cent."

The court clearly erred in both respects. The petition does not clearly indicate whether the *gravamen* of the plaintiff's complaint is the wrongful entry upon her premises, or the wrongful interference with her goods. In neither event is the plaintiff, even under the most favorable view of the evidence in her behalf, entitled to more than nominal damages. No damages resulting to her as the result of any wrongful entry, or of any unlawful interference with her property, have been shown, and the court was not warranted to leave them to be conjectured by the jury.

The question, what are proper elements of damages, is, necessarily, always a question of law. Sedgwick on Dam., 30, 32. The plaintiff must, whatever the nature of the action may be, if he sues for compensatory damages, show substantial damages, if he seeks to recover them, and failing to do so will be entitled to nominal damages only. *Metzner v. Graham*, 66 Mo. 653, 660; *Morrison v. Yancey*, 23 Mo. App. 670.

As the evidence in this case furnished no warrant for exemplary damages, the court should have refused the instruction asked by the plaintiff, and given the one asked by the defendant.

For this error the judgment is reversed. Judgment will be entered here in favor of the plaintiff for one cent, the respondent to pay the costs of the appeal. All the judges concur.