WILLIAM   MIZE,   Respondent,   v.   ROBERT   GLENN,.
Appellant.

Kansas City Court of Appeals, December 2, 1889.

1.   Pleading: RULE AS TO WHAT MAY BE SHOWN UNDER A GENERAL DENIAL.   Under a general denial the defendant should be permitted to show no fact that does not go directly to disprove the fact denied; evidence of facts which admit the act charged, but which avoid its force or effect, or discharge the obligation, is inadmissible, and in an action for flooding plaintiff's land, defendant under a general denial cannot show such flooding was a benefit, in order to defeat a recovery.

2.   Flooding Land: DEFENSE: BENEFITS NOMINAL DAMAGES : MITIGATION.   In an action for the unlawful flowage of plaintiff's land, it is no defense that such flowage has resulted beneficially to plaintiff, and, notwithstanding such benefits, plaintiff is entitled to recover nominal damages; and such benefits are only admissible in mitigation of damages.

Mize v. Glenn.

3.  Appellate Practice: INSTRUCTIONS CONTAINING HARMLESS ERROR. Inasmuch as nominal damages, only, were found, the inaccuracies of plaintiff's instructions become harmless, and will not justify a reversal by the appellate court.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

A. W. *Mullins*, for the appellant.

(1) Unless the evidence showed that the land claimed by plaintiff was substantially injured, or depreciated in value, by the alleged overflow of water, he was not entitled to recover, and the court erred in restricting and limiting defendant's evidence to mitigation of damages only. *Luther v. Winnisimmet Co.*, 9 Cush. 171, 175; 2 Hilliard on Torts [3 Ed.] p. 550; Whitaker's Smith on Negligence, p. 79 (note); *Elliott v. Railroad*, 10 Cush. 191; *McElroy v. Goble*, 6 Ohio St. 187; *Chalk v. McAlily*, 11 Richardson (S. C.) 153; *Pinney v. Berry*, 61 Mo. 359. (2) In each of plaintiff's instructions numbered 1, 3 and 5, it is assumed that the plaintiff was, in April, or the spring of 1883, then the owner of the land claimed in his petition. This was a matter directly put in issue by the pleadings and the evidence, and the record of the deed, produced in evidence by defendant, showed that plaintiff acquired his title to the land on September 6, 1884, and, therefore, the plaintiff could have no right of action for injury to the land before he acquired title thereto. Cooley on Torts, p. 326; *Bick v. Hill*, 27 Mo. App. 554; Woods on Landlord and Tenant, sec. 17, p. 45; *Kenton v. Andsley*, 19 Mo. 362. (3) The court erred in refusing to give the defendant's sixth, seventh and eighth instructions.

*Lander & Bailey*, for the respondent.

(1) Appellant's first point is not well taken. He undertakes the difficult task of distinguishing "trespass" from "nuisance," as regards injury of land, names this suit an action for a nuisance, and then invokes the rule applicable to a "public nuisance," that only "special" damages can be recovered. If the action is for a nuisance, it is a "private" nuisance, and the measure of compensation is the same as in trespass. Sedg. Meas. Dam. [5 Ed.] top p. 152 (side p. 141); Cooley on Torts, p. 567. This case, in form and substance, is the same as *Jones v. Hannovan*, 55 Mo. 462, where the same questions of nominal damages, and "benefits as a justification" were passed upon sustaining respondent's position. (2) Appellant's second point is not well taken. Had defendant wished to raise the question of the sufficiency of plaintiff's title, he should have made the point below, and preserved the evidence. The presumption is in favor of the judgment and the rulings of the court below. (3) Appellant's third point of objection is not well taken. Appellant's sixth instruction was properly refused. It was not based upon the whole case, but singles out particular facts and directs the finding thereon. *Fitzgerald v. Hayward*, 50 Mo. 516; *Sawyer v. Railroad*, 37 Mo. 240; *Clark v. Hammerle*, 27 Mo. 55; *Bank v. Armstrong*, 62 Mo. 59; *State v. Smith*, 53 Mo. 267; *Meyer v. Railroad*, 45 Mo. 137. (4) Defendant's eighth instruction was properly refused. It presents the true theory upon which defendant relies, viz.: Can defendant justify the wrong complained of by proof that plaintiff's land was benefited instead of injured by reason of the ditch? Bishop, Non-Cont. Law, sec. 30, 31, and cases there cited. Even though the act complained of enhanced the value of plaintiff's land, he is entitled to nominal damages. Bishop, Non-Cont. Law, sec. — and cases there cited; Cooley on Torts, pp. 65,

66, 67; 1 Suth. Dam., pp. 11, 12, 13, 14 and 245; *Jones v. Hannovan*, 55 Mo. 462–468; *Murphy v. Fond Du Lac*, 23 Wis. 365; *Sheiffer v. Grossman*, 15 Ill. 53; Hilliard Rem. for Torts, p. 404, sec. 5, and p. 408, sec. 1. If the ditch complained of caused an increased flow of water upon plaintiff's land, or, thereby, caused the water to flow on a different place, or places, from where it would have run without the ditch, the defendant is liable. *Bellows v. Sackett*, 15 Barb. (N. Y.) 96; *Livingston v. McDonald*, 21 Iowa, 160; Ang. on Water Cour., sec. 433; Sedg. Meas. Dam. [5 Ed.] pp. 44, 46, 157.

SMITH, P. J.—This was an action, brought by plaintiff, to recover against the defendant damages, alleged to have been sustained by plaintiff, by reason of the overflow of his land, and injury thereto, claimed by him to have been occasioned by the cutting of a ditch, by defendant, on his, defendant's, own land, but which diverted the water that flowed down a natural stream, and passed from such ditch upon plaintiff's land. The allegations of the plaintiff's petition were all denied by the defendant's answer, except that the defendant owned the land mentioned in the petition as belonging to him.

The plaintiff, to sustain the issue on his part, introduced a number of witnesses, whose testimony tended to prove the following:

That the branch and stream, described in plaintiff's petition, is, and was, a natural stream, having well-defined banks; said stream being about five miles long, and draining a large scope of country. That said branch, or stream (known as Owl branch), ran through the land of the defendant Glenn, as represented on a map, introduced in evidence (which is copied with the record). And also tending to prove that the plaintiff is, and was, for the time complained of, the owner of, and in possession of, the land described as his, and

that the defendant is, and was, at the time com-
plained of, the owner of, and in possession of, the
lands described as his, in plaintiff's petition, also
tending to prove that the defendant dug the ditch,
and erected the dam, at the time and place mentioned
and described in plaintiff's petition, and also tend-
ing to prove that said ditch and dam were dug
and erected against the will and consent of the
plaintiff, and that, by reason of said ditch and dam
being so dug and erected, more water from said branch
was turned upon plaintiff's said land than would have
flowed thereon had said ditch and dam not been dug
and erected, also tending to prove that, by reason of the
making of said ditch and dam, the plaintiff's said land
was flooded and damaged, in the estimation and opinion
of witnesses, in amounts, varying from amounts not
stated up to the sum of three hundred dollars.

The defendant, likewise, introduced a number of
witnesses, whose testimony tended to prove that the
plaintiff was not injured, or his said land damaged, in
any amount, by reason of the making of the ditch and
dam complained of, but, on the contrary, his, plaintiff's,
said land was benefited thereby, which evidence,
in regard to benefits, as a justification of the alleged
wrong complained of, was objected to by plaintiff, and
was admitted by the court, in mitigation of damages, only,
to which action of the court, in so admitting such evi-
dence, tending to show benefits, in mitigation of
damages, only, defendant, at the time, excepted, and,
further, tending to prove that no more water from said
branch flowed upon the plaintiff's land, by reason of
the making of said ditch and dam, than would have
flowed thereon, had said ditch and dam never been
made.

The defendant also offered and read in evidence the
record of a deed from John Mize to William Mize; the
plaintiff, which conveys to plaintiff the land described
in his petition.

There were a number of instructions asked, a number of which were given, and a number refused, and which need not be set forth here, as they will be noticed further on. The plaintiff had judgment for nominal damages, from which the defendant has appealed.

I. First among the several errors assigned is, that the circuit court erred in limiting the evidence offered by defendant, to the mitigation of damages, alleged to have been sustained by plaintiff. The circuit court, by the third instruction given for the plaintiff, told the jury, in effect, that if the ditch complained of caused more water to flow on plaintiff's land than otherwise would have flowed thereon, from Owl creek, that all evidence tending to show that the ditch was a benefit, instead of a damage, to plaintiff's land, could not be considered for the purpose of totally defeating plaintiff's recovery, or as a justification to the defendant in making the ditch, but might be considered in connection with all the evidences in the case in mitigation of damages.

The answers pleaded a general denial of the allegations of the petition, except as to the ownership of defendant's land. There was no matter of excuse or justification pleaded. Under the pleadings, the defendant could adduce evidence in mitigation of the damages, but he could not wholly excuse or justify the injury and wrong complained of. The true rule is, that, under a denial, the defendant should be permitted to show no fact that does not go directly to disprove the fact denied. Evidence of facts, which admit the act charged, but which avoid its force or effect, or which discharge the obligation, is inadmissible; of course, facts may be proven, although apparently new matter, which, instead of confessing or avoiding, tend to disprove those alleged by plaintiff. Bliss on Code Plead. 327, 329, 352.

Under the old system by pleading the general issue, everything was open to proof which went to show a

valid defense, but the practice which has substituted for the general issue an answer, and requires a statement of any new matter constituting a defense, in addition to a special denial of the material allegations of the petition intended to be controverted, has worked a complete and total change in the principles of pleadings. The defendant, by merely answering the allegations in the plaintiff's petition, can try only such questions of fact as are necessary to sustain the plaintiff's case. If he intends to rely on new matter which goes to defeat or avoid the plaintiff's action he must set forth, in clear and precise terms, each substantial fact intended to be so relied upon. If the defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out according to the statute in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial. *Northrup v. Ins. Co.*, 47 Mo. 435; *Musser v. Adler*, 86 Mo. 445; *Reese v. Garth*, 36 Mo. App., 641. In order to make the evidence, that the plaintiff's land was benefited by the ditch dug by the defendant, available for the purpose of a complete defense, the answer should have set forth specially such defense, otherwise he must be precluded from its benefit.

But, even if specially pleaded, would it constitute a complete defense to the plaintiff's action? Is it any excuse or justification for the disturbance of the rights of another, that the same has resulted in its ultimate effects beneficially to him? In this case the contention is, that though the ditch was dug in the wrongful manner charged in the petition, yet that as the act, which was wrongful in its commission, has resulted beneficially to the plaintiff, that he should not be heard to complain; this, even showing that one is benefited rather than damaged, is no defense since no man is compelled to have benefits thrust upon him offensively, and in defiance of his right of independent action. If it were, it

might be a good defense to rioters who had tossed one in a blanket, that the exercise was beneficial, or who had thrown him into a river, that his voluntary ablutions were not so frequent as health demanded. Cooley on Tort, 66–67. One's right of property is infringed by any unlawful flowage of his land. Angell on Water Courses, 432–433; Sedgwick on Damages, 12; *Auskeag v. Gordall*, 46 N. H. 53; *McCoy v. Danly*, 20 Pa. St. 247; *Jewett v. Whitney*, 43 Me. 242; *Tillotson v. Smith*, 32 N. H. 20. Even if such unlawful flowage should enhance the value of one's lands he is entitled to nominal damages therefor. *Murphy v. City of Fond du Lac*, 33 Wis. 365.

The supreme court of this state, in a case very analogous in its salient facts to this case, sustained the action of a trial court in refusing an instruction which declared that if "the plaintiff's land was benefited, rather than injured, by the ditch in question the verdict should be for the defendant." *Jones v. Hannovan*, 55 Mo. 462.

The principle that for the most barren infractions of legal rights nominal damages have been awarded, without reference to whether such infractions have resulted injuriously or beneficially to the plaintiff, is well sustained. *State ex rel. v. Rayburn et al.*, 22 Mo. App. 303; *Owen v. O'Rielly*, 20 Mo. 603; *Brown v. Emmerson*, 18 Mo. 103; *State ex rel. v. Dunn*, 60 Mo. 64.

We therefore think the circuit court did not err in ruling that the evidence of the defendant, tending to show that the plaintiff was benefited by the ditch, could be received only in mitigation of damages. It will be observed that the plaintiff, in the light of the authorities which we have cited, was entitled to recover, if entitled to recover at all, nominal damages. As the jury assessed no actual damages against defendant it becomes wholly unnecessary to examine rules for the admeasurement of damages or cases of that kind.

We have examined the numerous authorities cited by the defendant's counsel, but are unable to find in them any warrant for our interference with the judgment in this case, in view of what seems to be the settled law of this state.

II. As to the second ground of the defendant's appeal, it may be remarked that, inasmuch as the damages found were only nominal, the error complained of in the plaintiff's instructions 1, 3 and 5 was quite harmless. Had actual damages been found by the jury, the objection made by defendant would perhaps not be without force. The plaintiff's instructions are subject to some just criticism on account of some verbal inaccuracies therein, but no error of substance has been discovered which would justify a reversal of the case on that account. The instructions given, under the pleadings and evidence, very fairly presented the case to the jury. Those refused for the defendant either were not based upon the whole case, singling out particular facts, or were not based on evidence, or were obnoxious to the principles of the law as we have declared them, and hence there was no error in their refusal.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed.