GREEN CLAY, Appellant, v. THOMAS BOARD et al. Respondents.

St. Louis Court of Appeals, May 15, 1900.*

1. **Damages, Nominal: PROPERTY RIGHTS: CITIES OF THE THIRD CLASS.** Where plaintiff sues city officers for alleged injuries to his residence lot by the cutting away of the soil and the closing up of drains or sewers, and there is no evidence of any street ordinance providing for this work on the part of the city and its officers, it follows that if the jury believe the testimony as to the character of the work adduced by plaintiff, the defendants were simply trespassers, and whether the work performed by the defendants was beneficial or detrimental to the property of the plaintiff is immaterial and the plaintiff is entitled to a verdict for nominal damages for the violation of his property rights.

2. ———: ———: **SUBSTANTIAL DAMAGES: STATUTORY CONSTRUCTION: BENEFITS.** And upon the same theory of the proof the plaintiff was entitled to recover whatever substantial damages were proven, less any pecuniary benefits resulting to his property from the performance of the work.

Appeal from Audrain Circuit Court.—*Hon. Elliott Hughes,* Judge.

REVERSED AND REMANDED.

*F. R. Jesse, Fry* and *Clay* for appellant.

(1) When the judge refuses to sign a bill of exceptions such bill shall be signed by three bystanders who are respecta-

---

* NOTE.—Received by reporter November 20, 1900.

ble inhabitants of the state. R. S. 1889, sec. 2170. (2) When the judge refuses to permit such bill signed by by- standers to be filed, either party may take affidavits in rela- tion to its truth, not exceeding five in number. R. S. 1889, sec. 2173; State v. Jones, 102 Mo. 305. (3) The appellate court shall admit as part of the record of a cause every bill of exceptions taken therein, upon its appearing satisfactory to the court that the truth of the case is fairly stated in such bill, that the same was taken according to law and that the court refused to permit such bill to be filed. R. S. 1889, sec. 2175. (4) The acts of the defendants in cutting down and grading the street in front of plaintiff's premises were unquestionably without lawful authority; there was no ordinance providing for such grading or authorizing the work and defendants were trespassers. Jacobs v. City of Columbia, 2 Mo. App. Rep., p. 24; Thompson v. City of Boonville, 61 Mo. 282; Rowland v. City of Gallatin, 75 Mo. 134; City of Louisiana v. Miller, 66 Mo. 467. (5) If a city "proceeds with the work and dam- ages property without first taking steps to ascertain and pay such damages it is a trespasser and those actively participating in the work by directing it are co-trespassers." Rives v. City of Columbia, 80 Mo. App. 173-177. (6) Any one pres- ent at the commission of a trespass encouraging or inciting it by word or gesture or in any other way is liable as principal. Cooper v. Johnson, 81 Mo. 483; Leeser v. Beckhoff, 33 Mo. App. 234.

*E. S. Gantt* and *George Robertson* for respondents.

(1) That the defendants were engaged in a lawful work for the purpose of the improvement of a public highway and that they did improve the highway stand as facts over which there can be no controversy, and the only question to be sub- mitted to the jury is contained in the first count of the peti-

tion and that is whether defendants in doing this work so materially changed the grade along plaintiff's premises as to amount to a trespass. The plaintiff withdrew his second count, as there was no evidence on which to submit to the jury the question of negligence. The evidence discloses that at the points in the road where the work was done the road was worn, and it was sunken, the soil worn away and the surface irregular and rough, some places low and others high and that defendants cut the road no more than was necessary to even and level the surface and that in so doing they made no material alteration of the grade. The issue as to whether defendants made a material or substantial alteration of the grade was properly submitted to the jury. (2) Defendant's instruction number five correctly states the law. The jury is told, "If you further find that such cutting down did not materially change the grade of the street and the same was necessary for the repair and improvement of the street" then plaintiff could not recover. Fred v. Railway, 65 Mo. App. 121; Waldron v. Kansas City, 69 Mo. App. 50; Hickman v. Kansas City, 120 Mo. 110; Davis v. Railroad, 119 Mo. 180. (3) The fact stands admitted under the record that defendant Owen was street commissioner of Mexico and that defendant Board was chairman of the street and alley committee and by virtue of his act as such is made a party to this action. Mexico is a city of the third class and the courts will take judicial notice of this fact. Laws of Mo. 1893, sec. 1, p. 67; R. S. 1889, sec. 1465; Savannah v. Dickey, 33 Mo. App. 522; City of Brookfield v. Tracey, 141 Mo. 624. (4) The office of street commissioner is created by the charter, sec. 15, Laws 1893, page 69, and the charter gives general power over streets, etc. To make and keep in repair the streets of a city is one of the primary and ordinary duties of a municipality, Dillon on Mun. Corp., sec. 74 (4 Ed.), and its highway officers have a large discretion in the exercise of

their duties.     Elliott on Roads and Streets, p. 410.

BOND, J.—Plaintiff sued for alleged injuries to his residence lot by the cutting away of the soil and the closing up of drains or sewers, setting forth his cause of action, first, in a count for trespass; secondly, in a count for the negligent cutting and grading of a street, thus causing said injuries.

The defendants answered, one by a general denial, the other by a specific denial, and an averment that the work, for the doing of which the action was brought, was performed by plaintiff's request and consented to by him upon its completion.

Issue was taken by a reply.     On the trial the second count of the petition was withdrawn from the jury by an instruction of the court.     The evidence showed that defendants, who were city officers, caused certain work to be done on the street in front of plaintiff's residence.     The witnesses for plaintiff testified that the work in question materially changed the grade of the street and caused substantial damage to plaintiff's property.     This was denied by the witnesses for defendants.     There was no evidence of any street ordinance providing for this work.     The jury returned a verdict for defendants.     From a judgment thereon plaintiff prosecutes this appeal.

The errors complained of relate to the instructions given and refused.     A sharp difference of opinion as to what instructions were given or refused and also as to the correct contents of the bill of exceptions arose between the court and counsel, resulting in the refusal of the court to sign the bill of exceptions tendered on plaintiff's appeal and the subsequent filing of a bystanders bill of exceptions by leave of this court.     The instructions chiefly complained of on the present appeal relates to a finding under the second count, which the jury had been told in other instructions was withdrawn from

their consideration. Whether under these circumstances and other facts in the record the instruction complained of was prejudicial error, need not be decided. We can well see how it might have been marked given before the plaintiff had withdrawn the issue upon which it was predicated, and thereafter by inadvertence have become mixed with others and handed to the jury. Be this as it may, this appeal presents another question determinative of the incorrectness of the theory on which this case was submitted to the jury. This arises upon the failure of the court to instruct the jury upon the issue as to nominal damages raised by the evidence for plaintiff which tended to prove that by defendants' directions the grade of the street in front of plaintiff's residence was so lowered as to impair, if not destroy, the driveways to his lot from the street and that there was such a diversion of the flow of the water from his premises as to cause the caving of the bank supporting his lot on the street line. The city of Mexico being one of the third class (141 Mo. 624) and having given no valid authority to the defendants as its officers for the performance of the work in question, it follows that if the jury believed the testimony as to the character of that work adduced by plaintiff, the defendants were simply trespassers, and whether the work performed by them was beneficial or detrimental to the property of plaintiff, he was nevertheless entitled to a verdict for nominal damages for the violation of his property rights. Jones v. Hannovan, 55 Mo. 462; affirmed in Hahn v. Cotton, 136 Mo. loc. cit. 226; Mize v. Glenn, 38 Mo. App. 98; Ross v. Sewing Machine Company, 24 Mo. App. 353; Sedgwick on Damages (8 Ed.), secs. 98, 101; Sutherland on Damages (2 Ed.), secs. 9, 10, 11. Upon the same theory of the proof the plaintiff was entitled to recover whatever substantial damages were proven, less any special or pecuniary benefits resulting to his property from

the performance of the work.   R. S. 1899, sec. 5858 (sub-
section two); Rives v. City of Columbia, 80 Mo. App. 173,
citing Jackson v. City of Columbia, 2 Mo. App. Rep. 24;
Maudlin v. City of Trenton, 67 Mo. App. 452; Waldron v.
Kansas City, 69 Mo. App. 50; Davis v. Railway, 119 Mo.
180; Hickman v. Kansas City, 120 Mo. 110.   The learned
trial judge in several instructions correctly submitted the
issue to the jury as to substantial or actual damages, but
wholly failed to submit to their consideration the issue as to
nominal damages.   This was error for which the judgment is
reversed and the cause remanded.

    Judge *Bland* concurs; Judge *Biggs* absent.