THE MISSOURI EDISON ELECTRIC COMPANY, Respondent, v. TURNER T. LEWIS, et al Appellants.

St. Louis Court of Appeals, November 20, 1900.

1. **Pleading and Practice: PETITION: ANSWER: EVIDENCE.** Under the code of civil procedure in this State, the plaintiff can only allege facts, and the answer must either deny the facts alleged in the petition or allege new matter by way of defense or avoidance.

2. ———: ———: ———. And when the answer consists simply of a denial, it is clear that the plaintiff will only be required to prove, and the defendant will only be permitted to controvert the facts alleged in the complaint.

3. ———: ———: ———: GENERAL DENIAL. The scope of the general denial is wholly determined by the allegations of the petition.

4. ———: ———: ———: ———: ELECTRICITY, METER-BOOKS: EVIDENCE. In the case at bar, the general denial simply asserts that plaintiff did not furnish, per meter measurement, the quantity of electricity claimed in the petition. The plaintiff's case was established by the introduction of the contract and proving up by meter-books, read in evidence, of the quantity of electricity registered by the meters, and if the defendant intended to contest the accuracy of the meters, by showing that less electricity was actually used, less lamp hours burned than the amount claimed by the plaintiff as shown by the meters, such a defense should be specially pleaded as new matter.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*Carter & Sager* for appellants.

Plaintiff revealed no reliance on the theory of arbitration. If such an idea was at work, the pleader failed to carry it out, and left defendants to the mere denial of quantity. Any proof showing that the quantity claimed was not furnished, or that no electricity was furnished, was admissible. Hoffman v. Parry, 23 Mo. App. 20; Scudder v. Atwood, 55 Mo. App. 512; Madison v. Railroad, 60 Mo. App. 599; Montgomery v. Gunn & Mathers, 51 Mo. App. 187. The propositions presented in this case involve no unsettled questions of law, but rather address themselves to the common reason and understanding. If it is possible that the court can be persuaded to interpret the contract as did the learned trial judge, we submit that by reason of the defect in the petition, it was error to apply the construction at that time and exclude the evidence tendered by appellants.

*Albert Blair* and *Wilfley & Wilfley* for respondent.

Under the present system of code pleading, if defendant rests his defense upon any fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out in ordinary and concise language, or he will be precluded from giving evidence of it upon the trial. A general denial only puts in issue the allegations of the complaint. Northup v. Ins. Co., 47 Mo. 435; Flint-Walling Mfg. Co. v. Ball, 43 Mo. App. 511; Guinotte v. Ridge, 46 Mo. App. 261; Reese v. Garth, 36 Mo. App. 645; Newham v. Keeton, 79 Mo. 386; Plow Co. v. Wayland, 81 Mo. App. 331.

BIGGS, J.—This action is brought by plaintiff to recover for electricity furnished the defendants under a written contract, wherein they agreed to pay so much per lamp hour for electricity furnished, *"meter measurement."* The answer

is a general denial. The defendants conceded at the trial that they entered into the contract; that the meters furnished by the plaintiff measured the amount of electricity sued for, and that the prices therefor were correctly stated in the petition. In defense of the action they offered evidence tending to prove that the meters were inaccurate and did not determine the amount of electricity furnished. The circuit court held this evidence incompetent under the answer. The defendants having refused to amend their answer, the court rendered judgment in favor of plaintiff for the full amount. The defendants have appealed and assign for error the aforesaid ruling of the court.

We find in briefs of counsel the written opinion of the learned trial judge delivered on the hearing of the motion for new trial. The opinion is quite satisfactory and we adopt it as the opinion of this court, which is to-wit:

"The determination of the question as to the correctness of the action of the court depends upon the rules applicable to pleadings under the code. No questions are more difficult of determination under code pleading than what matters are admissible in evidence under general denial. It is a little singular, when one reads the language of the code, that the determination of this question should be attended with much difficulty. In the first instance the plaintiff in his petition set forth a plain and concise statement of facts constituting a cause of action. The defendant in his answer must deny generally or specifically, each material allegation of the petition controverted by him, in addition to which he may set up a statement of new matter constituting a defense or counterclaim. An issue of fact arises, first, upon the material allegations in the petition controverted by the answer; second, upon the new matter in the answer controverted by the reply; or, third, upon the new matter in the reply. In the present case the issue of fact arises upon the allegation in the petition contro-

verted by the answer. It will be observed that the plaintiff can only allege facts, and the answer must either deny the facts alleged in the petition or allege new matter by way of defense or avoidance; therefore, when the answer consists simply of a denial, it is quite clear that the plaintiff will only be required to prove, and the defendant will only be permitted to controvert the facts alleged in the complaint. The scope of the general denial is wholly determined by the allegation of the petition. Finley v. Quirk, 9 Minn. 194; Northup v. Ins. Co., 47 Mo. 435; Coles v. Soulsby, 21 Cal. 47; Adams Express Co. v. Wattles, 69 Ind. 260; Mize v. Glenn, 38 Mo. App. 104.

"Under a general denial the test is: Has the plaintiff proved what he has alleged in his petition? School Dist. v. Shoemaker, 5 Neb. 36; Jones v. Seward Co., 10 Neb. 154.

"As stated by Judge WAGNER, in 47 Mo. 444: 'Under the old system, by pleading the general issue, everything was open to proof, which went to show a valid defense. But the practice act, which has substituted for the general issue an answer, and requires a statement of any new matter constituting a defense, in addition to a special denial of the material allegations of the petition intended to be controverted, has worked a complete and total change in the principles of pleading. The defendant, by merely answering the allegation in the plaintiff's petition, can try only such questions of fact as are necessary to sustain plaintiff's case. If he intends to rely upon new matter which goes to defeat or avoid the plaintiff's action, he must set forth in clear and precise terms each substantial fact intended to be so relied on. It follows that whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of plaintiff's case, he must set it out according to the statute, in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial.'

"The general denial in this case simply asserts that plain-

tiff did not furnish, per meter measurement, the quantity of electricity claimed in the petition. The plaintiff's case was established by the introduction of the contract and proving up, by meter-books read in evidence, of the quantity of electricity registered by the meters. If the defendant intended to contest the accuracy of the meters by showing that less electricity was actually used, less lamp hours burned than the amount claimed by the plaintiff as shown by the meters, such a defense should be specially pleaded as new matter."

Judgment affirmed. All concur.