STATE to use of GODDARD, PECK & COMPANY, Appellant, v. M. M. RAYBURN *et al.*, Respondents.

**St. Louis Court of Appeals, June 12, 1888.**

1. PRACTICE—MOTION AFTER VENUE CHANGED.—When a cause has been removed by change of venue to another court, a motion in the court which has thus lost its jurisdiction has no standing or validity for any purpose, and should not be admitted in evidence by certified transcript on the trial of the cause in the proper court.

2. Practice—Amendment—Jurisdiction.—The court from which a cause has been removed to another by change of venue, has no jurisdiction to permit the sheriff to amend his return on the original process; and an order so made is void, and not admissible in evidence. The court having possession and jurisdiction of the cause for the time being is the only one that can authorize such an amendment.

3. Evidence—Part of Deposition.—It is error to permit the reading of parts of a deposition, and to refuse to compel the party offering it to read the whole upon demand of the adverse party.

4. Evidence—Transcript on Change of Venue.—A transcript filed in a court to which the cause has been removed by change of venue becomes a record of that court, and a duly certified transcript thereof is competent as evidence, not liable to the objection that it is a copy of a copy.

5. Practice—Instruction.—An instruction which submits to the jury a question of law is properly refused.

Appeal from the Butler Circuit Court, Hon. John G. Wear, Judge.

*Reversed and remanded.*

Houck & Keyton and Thomas Metcalf, for the appellant: The court erred in rejecting as evidence that part of the transcript in the case of Goddard, Peck & Company *vs.* Spiller, Haynes & McRee, that was a copy of the transcript of said case sent from Dunklin county to Stoddard county, on the ground that it was a copy of a copy. The transcript from Dunklin county, when filed in the circuit court of Stoddard county, became a record of that court, and a transcript of such transcript if made out by the clerk and duly certified, is certainly entitled to as much credit as a transcript of the declaration and other pleadings filed in the cause; and the objection, that so much of said transcript as was a copy of a copy was not admissible, is not tenable. *Bettis v. Logan*, 2 Mo. 4. It was certainly erroneous to allow defendants' counsel to read such parts of his depositions as suited his case, and to leave out and refuse to read other parts that were not favorable to his clients.

The order of court allowing the amendment, the amendment itself, and the whole proceeding was absolutely null and void, and was not competent evidence for any purpose whatever. *Brown v. Woody, Adm'r*, 64 Mo. 550. From the time that a change of venue is ordered the court to which the case is sent has. jurisdiction. *State v. Hopper*, 71 Mo. 425 ; *In Matter of Whitson's Estate*, 89 Mo. 58 ; *State v. Daniels*, 66 Mo. 192 ; *Berry v. Railroad*, 64 Mo. 533 ; *Stanley v. Railroad*, 62 Mo. 508. If the Dunklin circuit court had had jurisdiction of said case, it could not have allowed said amended return or ordered it made, as it had no legal right or authority so to do. Amendments of process, and returns after judgment has been rendered in a case, can only be made in furtherance of justice and in support of the judgment, and cannot be made when it works injustice and destroys the judgment. Rev. Stat., 1879, sec. 3570 ; *Stewart v. Stringer*, 45 Mo. 113 ; *Magrew v. Foster*, 54 Mo. 258 ; *Corby v. Burns*, 36 Mo. 195 ; *County v. Lowry*, 9 Mo. 21.

S. M. CHAPMAN, for the respondents : There was no error in rejecting that part of the transcript, in the case of Goddard, Peck & Company *vs.* Spiller, Haynes & McRee, offered in evidence by plaintiffs, which was shown to be "a copy of a copy ;" especially, as the original, from which the alleged " copy " purported to have been made was subsequently put in evidence by them. That the original, or a duly certified copy, is better evidence than a " copy of a copy " admits of no discussion. It is a familiar rule in the production of evidence, that a party cannot prove his case by inferior evidence, while holding in reserve original and more primary sources of proof. Greenl. on Evid., secs. 82, 84 ; *Cloud v. Hartbridge*, 28 Ga. 272 ; *Bird v. Bird*, 40 Me. 392 ; *Torrey v. Fuller*, 1 Mass. 524 ; *Putnam v. Goodall*, 31 N. H. 419. It is urged that the circuit court of Dunklin county had, by reason of the change of venue, no

jurisdiction to make the amendment. Had the amendment been such as to affect the judgment, there would have been more reason for contending that the amendment should have been made in the court in which the judgment was rendered. This court has held, in this case, that: "The attachment, with the sheriff's return thereon, was one of the records of the circuit court" of Dunklin county ; and that an application to amend the return should be made in that court. 22 Mo. App. 303. *Brown v. Wood*, 64 Mo. 550, simply asserts that : "Jurisdiction must be shown by the whole record, and when it appears from it that the court had no jurisdiction, either over the person or subject-matter, the judgment rendered in such case is void." But if the judgment, says Norton, J., "shows that the court had jurisdiction over the subject-matter of the suit to which it related, it was properly admitted in evidence, as the appearance of defendant to the merits of the action waived the question of jurisdiction over the person." *State v. Hopper*, 71 Mo. 425, and the cases cited to establish that : "From the time that a change of venue is ordered the court to which the case is sent has jurisdiction," asserts a proposition neither questioned nor involved in this case. A sheriff may amend his return after going out of office. *Adams v. Robinson*, 1 Pick. 461, 462 ; *Thatcher v. Miller*, 11 Mass. 413, 414. In *Baxter v. Rice*, 21 Pick. 199, Shaw, C. J., continued a cause in the Supreme Court to permit a sheriff to amend his return of service. The granting leave to make the amended return, "in accordance with the facts," finds ample support in principle, as well as in the adjudged cases. Rev. Stat., sec. 3567 ; *Blaisdell v. Steamboat*, 19 Mo. 157, 158 ; *Miles v. Davis*, 19 Mo. 408, 414 ; *Kitchen v. Reinsky*, 42 Mo. 427, 436 ; *Phillips v. Evans*, 64 Mo. 23 ; *Corby v. Burns*, 36 Mo. 195, 196 ; *Webster v. Blount*, 39 Mo. 500 ; Murfree on Sheriffs, secs. 879, 880.

PEERS, J., delivered the opinion of the court.

This is an action upon the official bond of the defendant Rayburn as sheriff of Dunklin county, Missouri, for neglect of duty as such sheriff in releasing books and accounts from attachment levy in a proceeding in favor of these plaintiffs and against Spiller, Haynes & McRea. Plaintiffs asked judgment for the penalty of the bond to be satisfied by the payment of their original judgment of $1,535.32, and costs.

The record shows this cause to have been commenced in Dunklin county at the November term, 1882, some time after plaintiffs had obtained their judgment in the original attachment suit, and upon the application of the plaintiffs was transferred by change of venue to the circuit court of Butler county for trial, where it was tried in November, 1884, and resulted in a verdict and judgment for defendants, which judgment was upon appeal reversed and the cause remanded by this court. *State to use v. Rayburn*, 22 Mo. App. 303. At the November term, 1887, of the Butler county circuit court, it was again tried and a judgment again found for defendants, from which plaintiffs prosecute an appeal to this court.

There are numerous exceptions saved in the record in this case which contains over one hundred pages; nearly all the testimony having been objected to for one reason or another. The record, however, discloses one or two rulings of the trial court which are so manifestly erroneous that the judgment must be reversed and the cause remanded regardless of all the other questions presented by the record.

The defendant, sheriff Rayburn, had in the attachment proceedings levied upon certain books and accounts which he the next day released, and upon his writ of attachment made the following return:

"Executed the within writ in the county of Dunklin and state of Missouri, on the twenty-third day of

August, 1881, by levying upon and seizing as the property of the defendants one ledger and a book of accounts ; on the twenty-fifth day of August, A. D. 1881, released same, from fact that Oscar Kotizky, by his attorney setting a written claim to said property.

"(Signed)                M. M. RAYBURN,
                    "Sheriff Dunklin County."

The attachment proceedings had been taken by change of venue from Dunklin to Stoddard circuit court in 1882, when plaintiffs obtained judgment for $1,535.32. This action on defendant Rayburn's bond was also begun in Dunklin county in November, 1882, and was taken by change of venue to Butler county, and was, of course, pending there from that time.

The bill of exceptions in this case contains the following :

"Defendants' counsel then offered in evidence a certified copy of the motion made in the circuit court of Dunklin county, asking leave of said court that said defendant Rayburn as sheriff of said county, should be permitted to amend his return on the writ of attachment in the case of Goddard, Peck & Co. v. Spiller, Haynes & McRee, which motion is in words and figures as follows, to-wit :

"Dunklin County Circuit Court: Monday, July 12th, 1886,—7th day of the Term. Present, Hon. John G. Wear, Judge, among others, the following proceedings were had :

| "State *ex rel.*, Goddard, Peck & Co., *vs.* "M. M. Rayburn, *et al.*, | In Butler County Circuit on change of venue from Dunklin County, Missouri. |
|---|---|

"Now comes the above-named defendants and move the court for leave to amend the sheriff's return to the writ of attachment in this court in the case wherein Goddard, Peck & Company were plaintiffs and Spiller, Haynes & McRee were defendants, in accordance with the facts, for the reason that said return is imperfect and

fails to fully disclose clearly how said writ was executed, and all that was in fact done in the premises in the execution of said writ.          S. M. CHAPMAN.

"Attorney for Defendants.

"State of Missouri,
"County of Dunklin.  } ss.

"I, W. G. Bragg, Jr., clerk of the circuit court within and for the county of Dunklin and state of Missouri, do hereby certify that the above and foregoing is a true copy of the original return of the sheriff of this writ of attachment in the case where Goddard, Peck & Company were plaintiffs and Spiller, Haynes & McRee were defendants, as fully as the same appears on file in my office.

"In witness whereof, I have hereunto signed my name and affixed my official seal at office in Kennett, this 22nd day of March, A. D., 1887.

"(L. S.)          W. H. BRAGG, JR., Clerk."

This paper, or certified copy of a court record, if it showed anything at all, showed that at a day long subsequent to the time at which the Dunklin circuit court had lost jurisdiction of the case of Goddard, Peck & Company vs. M. M. Rayburn, by change of venue, and while the same was pending in Butler county, a motion was made in said Dunklin circuit court in said cause, which motion not only sets out the cause in which it is filed, but further states in terms that it is made in a cause which is then pending in Butler county circuit court by change of venue from Dunklin county circuit court. It will not do to say that this motion was something else ; it is offered as a certified copy of a court record and speaks for itself and on its face declares not only that it is a motion in a certain cause, but states that the cause is pending by change of venue in another county, and is signed by counsel as "attorney for defendants."

There is no question but that the paper purported to be a true copy of certain proceedings in the case wherein trial was had in the Dunklin county circuit

court long after that court had lost jurisdiction of the cause, and neither appearance of parties ·nor· consent could give any right to file any such motion or have it considered. Of course, we do not mean to say that M. M. Rayburn could not, by his attorney, file his application to be allowed to amend his return; we are not passing on that question now, but we do say that an application of Rayburn or any one else to be allowed to amend a return is one. thing, and a motion, no matter for what purpose, in a case which is pending elsewhere is quite another.

By what rule of law or practice can a motion for any purpose be filed in a cause in a court which has long before transferred such cause by order changing the venue to another county? This paper should have been excluded when offered in evidence. The certificate of the clerk attached to it gives its only verity,—certifies "that the above and foregoing is a true copy of the original return of the sheriff of this writ of attachment," etc. As the paper certified to is not only not a return of the sheriff or any other officer, and does not even purport to be anything but a motion filed and signed by "S. M. Chapman, attorney for defendants," we do not conceive why its admission was permitted. The objection of plaintiffs to the admission of such testimony should have been sustained.

Following the above the defendants offered in evidence the following paper:

"State of Missouri *ex rel.* Goddard, Peck & Co. | Leave to amend
*vs.* | sheriff's return.
"M. M. Rayburn *et al.* |

"Now on this twelfth day of July, 1886, come the above-named plaintiffs and defendants, and it appearing to the court that plaintiffs have been duly notified of the making of the application of defendants heretofore filed in this court, praying for leave of court to amend the return of the sheriff to the service of the writ of attachment in the cause wherein Goddard, Peck &

Company were plaintiffs and Spiller, Haynes & McRee were defendants, in accordance with the facts, and it appearing just and proper that such leave be granted; it is therefore considered, ordered, and adjudged by the court that leave be granted the said M. M. Rayburn to amend his return of the service of the said writ of attachment in accordance with the facts.

" State of Missouri,  ⎞
                     ⎬ ss.
"County of Dunklin,  ⎠

"I, W. G. Bragg, Jr., clerk of the circuit court within and for said county of Dunklin, do hereby certify that the above and foregoing is a true copy of the original order of court granting leave to amend the sheriff's return of service of the writ of attachment in the cause wherein Goddard, Peck & Company were plaintiffs and Spiller, Haynes & McRee were defendants, as fully as the same appears of record in my office.

"In testimony whereof, I have hereunto signed my name and affixed my official seal at office in Kennett, this 22nd day of March, 1887.

"[L. S.]                  W. G. BRAGG, JR., Clerk."

This shows that on the twelfth day of July, 1886, the circuit court of Dunklin county made an order in the case of Goddard, Peck & Company vs. M. M. Rayburn, which cause had been sent to the circuit court of Butler county nearly four years previous thereto. The order reads : " Now come above named plaintiffs and defendants," having first set out the style of the cause in which the court was about to make its order, and the order then recites carefully how defendants were brought into court.

If M. M. Rayburn desired to have a return amended in Dunklin county, there was a way in which to proceed, but he could not carry this cause back to Dunklin county for that purpose, nor could the circuit court there consider any motion made in the case. Defendants might as well have gone to any other county in the state and there filed a motion in the cause of Goddard,

Peck & Company *vs.* M. M. Rayburn, *et al.*, asking some special relief, remedy, or order. The objections of plaintiffs to this testimony should have been sustained.

As this cause will have to be retried we desire to add that the court committed error in permitting defendants' counsel to read parts of certain depositions and omit other parts, and refusing to require the whole of said depositions to be read. This court has held that such action is reversible error. *Cook v. Harrington, ante*, p. 199.

The trial court also erred in not permitting to be read in evidence that part of the transcript in the case of Goddard, Peck & Company *vs.* Spiller, Haynes & McRee sent from Dunklin to Stoddard county. The transcript from Dunklin county, when filed in the circuit court of Stoddard county, became a record of that court, and a transcript of such record, if made out by the clerk and properly certified, is clearly entitled to as much credit as the transcript of any other pleading filed in the cause, and the objection made that it was the copy of a copy is not well taken. *Bettis v. Logan,* 2 Mo. 4.

We further suggest to the trial court that the deposition of Kochtitzky and the bill of sale thereto attached was competent evidence and should have been admitted.

J. H. McRee, one of the firm of Spiller, Haynes & McRee, testifies that the books were placed in his hands by the firm, and he was to collect enough on them to indemnify Oscar Kochtitzky and A. M. Shead, and to repay them whatever they should be compelled to pay Fisher Brothers & Company, of St. Louis, as endorsers of the firm of Spiller, Haynes & McRee, to said Fisher Brothers, to the extent of four thousand dollars, that is, they were endorsers on the firm's note to Fisher Brothers for four thousand dollars, and they were to be protected as above stated. Shead testified that he was a joint endorser on this four thousand dollar note to Fisher Brothers, with Kochtitzky, and that he paid two thousand dollars of it, and that the books were never at any

time transferred to Kochtitzky that he knows of, for his benefit. The evidence would have shown, had the plaintiffs been permitted to introduce it, that the stock of goods of Spiller, Haynes & McRee was transferred to Kochtitzky and Spiller to protect Kochtitzky as endorser on this same four thousand dollar note, to Fisher Brothers, and that the goods thus transferred invoiced and were worth forty-two hundred dollars, and that Kochtitzky got this forty-two hundred dollars worth of goods to indemnify him on this endorsement, when he was bound for only one-half of it, two thousand dollars. This would certainly have shown that no transfer of the books had ever been made to Kochtitzky, or, if ever made, that it was fraudulent and without consideration, and was competent evidence ; and for the same reasons the court erred in excluding from the jury as evidence all those parts of the depositions of Oscar Kochtitzky and A. M. Shead relating to the transfer of the stock of goods and the price at which they were transferred ; and in the case of Oscar Kochtitzky's deposition, it was manifest error to exclude the parts of said deposition aforesaid in a general way, and on a general objection, by defendants, without having the parts objected to specially marked and designated, so that the jury could tell what had been excluded and what had not.

In the opinion which was formerly written in this case, there were some observations as to the court in which the amendment of the sheriff's return could be made, if at all. In making those observations, the court assumed that the record in the original attachment suit remained in the circuit court of Dunklin county, overlooking the fact that there had been a change of venue to Stoddard county. The court designed to express the view that the amendment to a sheriff's return can only be made in the court which has possession of the record and jurisdiction over the cause in which the return was originally made. That court, it appears, so far as relates to the attachment suit out of which this action

has sprung, is the circuit court of Stoddard county, to which the attachment suit was removed by the change of venue from Dunklin county. To avoid any further mistake or misapprehension, we now state that the sheriff's return, if amendable at all, so as to affect the rights of the plaintiffs in the present action, can only be amended—not in this action, but in the original attachment suit and in the circuit court of Stoddard county.

The provision of the statute (Rev. Stat., sec. 3580), which allows such amendments in matters of form to be made "by the court to which such return shall be made," does not contemplate a case where the entire jurisdiction of such court has been vacated by a change of venue to another court, nor does it apply to such a case as this.

Amendments contemplable in section 3570, Revised Statutes, so far as it relates to returns, are amendments of returns of process in the particular suit which has resulted in the particular judgment.

As the purpose of such an amendment is to affect adversely the rights of the plaintiffs in this suit, who are also plaintiffs in the attachment suit, they should have reasonable notice of the application to make the same, and an opportunity to be heard in opposition thereto. It is scarcely necessary to add, in view of the observations of the Supreme Court in *Corby v. Burns*, 36 Mo. 194, that the circuit court of Stoddard county, in granting such an amendment, should proceed with great caution and should not grant it without clear and satisfactory proof. What the effect of the amendment, if made, will be, as an instrument of evidence upon a future trial of this cause, is a question which we do not wish to be understood as deciding now.

Instruction numbered eight, tendered by the plaintiffs, was properly refused because it submitted to the jury a question of law.

It follows from these conclusions that the judgment of the trial court must be reversed and cause remanded. It is so ordered. All concur. Rombauer, P. J., in the result.