The State ex rel. Beckwith v. Finn.

THE STATE *ex rel.* BECKWITH *et al., Appellants,* v. FINN *et al.*

1. **Sheriff's Return, When Conclusive.** The general rule is that the return of a sheriff to mesne or final process is conclusive as between the parties to the suit and their privies.

2. ———: WHEN NOT CONCLUSIVE. The rule, however, has no application in a suit against the sheriff for neglect of official duty; in such suit, the return is at most only *prima facie* evidence in the sheriff's favor.

3.   **Supreme Court Practice:** EXCLUSION OF EVIDENCE. Where evidence is properly excluded, the judgment will not be reversed because it was excluded for a wrong reason.

4.   **Execution for Delinquent Taxes:** SEVERAL LOTS. Where an execution on a judgment for delinquent taxes is special against several lots, each lot standing charged for a separate and distinct sum, one lot cannot be made to answer any part of the sum due on the others.

5.   **Sheriff, Action Against for Failure to Pay over Proceeds of Sale:** DEFENSE TO. Where in an action against the sheriff by persons claiming under defendants in execution, for the proceeds of the property sold in excess of the debt, it is shown that plaintiff's agent bought the property for them and gave the sheriff a receipt for such excess and received a deed to plaintiffs, they cannot recover.

*Appeal from   St.   Louis City   Circuit   Court.*—HON. W. H. HORNER, Judge.

AFFIRMED.

*Cunningham & Eliot* for appellants.

(1)   The returns made by the defendant Finn to the executions were not conclusive in his favor with respect to the amount of money received or the application of the proceeds. *Townsend v. Olin,* 5 Wend. 207; *Browning v. Hanford,* 7 Hill, 120; 5 Denio, 586; *Decker v. Armstrong,* 87 Mo. 316. (2) In proceedings directly against the sheriff, his return is never more than *prima facie* evidence. 2 Phillips on Evidence, 370 (Hill & Cowen's Notes) 383; *Chamberlain v. Brewer,* 3 Bush. 561; *Spurling v. Levy,* 1 Daly, 95; *Grant v. Harris,* 16 La. Ann. 323. (3) Portions of the return which are not responsive to the writ are not even *prima facie* evidence in favor of the sheriff. *Walker v. McKnight,* 15 B. Mon. 467; 3 Phillips on Evidence, p. 696; *Kitridge v. Bellows,* 4 N. H. 424; *Browning v. Hanford,* 5 Denio, 586. (4) Where several pieces of real estate are included in one special execution, no more than the

debt due upon each piece respectively, with its interest and costs, should be levied out of that piece of property, and the owners of each piece respectively are entitled to the surplus, if any, that arises from the sale of such piece, although other property mentioned in the execution may not realize sufficient to pay the debt and costs due upon it. (5) It was the duty of the defendant Finn to collect the entire proceeds of the sales in each case, and his failure to do so, as shown by the returns, is a breach of the bond for which plaintiff should have judgment.

*E. T. Farish* and *Valle Reyburn* for respondents.

(1) There is no reversible error in the record; the plaintiffs declined to amend their petition and rested their case on the evidence submitted and there is no error of which they can avail themselves. (2) The action not being brought on a false return, the sheriff's statements in his return were conclusive. Murfree on Sheriffs, secs. 867-8 and 886; *Stewart v. Stringer*, 40 Mo. 400.

BLACK, J.—This is a suit upon the official bond of defendant Finn as sheriff of the city of St. Louis.

There are two counts in the petition, each relating to different property and to different executions. The pleadings, proofs and rulings of the court are substantially the same on both counts, so that it will only be necessary to consider the first.

An execution was issued out of the circuit court upon a judgment recovered by the collector for back taxes due upon property designated as lots 1, 2 and 3. The execution was special and directed the sheriff to sell each lot for the payment of the amount of taxes adjudged to be due thereon with interest and costs. A large number of persons are named as defendants in the execution. The sheriff sold lot 1 for three thousand

dollars, lot 2 for one hundred dollars and lot 3 for twenty-five dollars to John F. Lee. The taxes, interests and costs due upon lot 1 amounted to $854.18, thus leaving a balance of $2,145.72 to be paid to the execution defendants on account of the sale of that lot. The other two lots did not sell for the amount of the taxes due thereon. The plaintiffs, Beckwith and Lapham, acquired eleven-twenty-fourths (11-24) of lot 1 from some of the execution defendants, pending the tax suit; and by this suit they seek to recover from the sheriff the eleven-twenty-fourths of the surplus arising from the sale of that lot.

The petition states that Lee paid the purchase price of the three lots, namely, thirty-one hundred and twenty-five dollars, to the sheriff, and received a deed to the property, but that the sheriff failed and neglected to have the said sum or the surplus or any part thereof before the court, and that he failed and refused to pay to them their share of such surplus.

Plaintiffs put in evidence the execution and the sheriff's return thereon. The return shows that the three lots were sold to Mr. Lee at the prices before stated, and then goes on to say "making an aggregate of thirty-one hundred and twenty-five dollars, of which sum $1,796.66 was to me paid and by me applied to the debt, interest and costs in this writ, the balance of said purchase money not paid." No statement is made in the return as to the disposition of the balance or why it was not paid. The plaintiffs then called Mr. Lee, who testified that, as agent for the plaintiffs in this suit, and the other owners mentioned in the execution, he became the purchaser of the three lots at the prices before named, aggregating thirty-one hundred and twenty-five dollars; that he only paid the sheriff $1,795.66, being the amount of the debt, interest and costs due upon the execution; and that for the owners of the property he receipted to the sheriff for the balance of the purchase price and received a deed to the property.

The State ex rel. Beckwith v. Finn.

The plaintiffs then offered to show that the sheriff, had not disposed of the moneys received as recited in the return; and that he had, after the sale, received further sums of money upon the execution which did not appear accounted for by the return. This evidence was excluded on the objection of defendants that the return was conclusive as to the defendants in the execution and persons claiming under them; and it seems to have been excluded on the additional ground that the suit should have been one for false return. The court then declared the law to be that on the pleadings and evidence the plaintiffs could not recover, and gave judgment for defendants.

1. The first question is, whether the court erred in excluding the proposed evidence. As between the parties to a suit and their privies, the general rule is that the return of the sheriff to mesne or final process is conclusive. But the rule has no application in a suit against the sheriff for neglect of official duty. In such a suit the return is at most only *prima facie* evidence in the sheriff's favor. Freeman on Ex. [2 Ed.] sec. 366. The evidence offered by the plaintiffs could not, therefore, be properly excluded for the reason assigned in the objection made to it by defendants. Nor was it necessary for the plaintiffs to sue the sheriff for a false return. An action on the case does not lie for not having money levied on *fieri facias* in the court where the sheriff has not been ruled, the proper remedy in such case being *assumpsit*, or debt for money had and received. 1 Chitty on Pleadings [16 Am. Ed.] p. 156. n. g. Here, the plaintiffs allege, the defendants admit, and the return shows the prices at which each lot was sold and the aggregate of the sales. The sheriff was bound to account for this aggregate amount and that, too, whether he received any part or portion of it. That he only received a part is wholly immaterial, so far as this suit is concerned.

VOL. 100—28

Again, it may be true, as stated in the return, that he applied the amount which he did receive, namely, $1,795.66, on the execution, still, in an accounting with the defendants in the execution or their assignees, he was not entitled to a credit for that amount. The execution did not run against the defendants therein, but against the lots only; and each lot stood charged for a separate and distinct amount, and one lot could not be made to pay any part of the amount due upon the others. As lots 2 and 3 did not sell for the debt with which they were charged, the amount which the sheriff was required to pay over to the defendants in the execution and their assignees was the difference between the price at which lot 1 sold and the debt and cost charged against it. To recover this difference it was not necessary to show or prove that the sheriff's return was, in point of fact, false in any particular. Had he made a false report as to the price at which the property was sold, then a question would arise which we are not now called upon to consider.

But if the evidence was properly excluded, the judgment should not be reversed because it was excluded for a wrong reason. As we have seen, the amount of the sales, agreed to on all hands, fixed the amount for which the sheriff was bound to account, and that, too, whether he received the money or not. Evidence aside from the return was unnecessary on that point. The execution, which was in evidence, showed conclusively the amounts to be applied thereon. The whole of the proposed evidence was, therefore, unnecessary and added nothing to the plaintiffs' case. The facts had been proved by primary and better evidence, and there was no error in excluding the proposed evidence.

2. The difficulty with the plaintiffs' case is that they showed by their own witness, Mr. Lee, that he purchased the three lots as the agent for these plaintiffs and the defendants in the execution, and as such

Stanley v. The Wabash, St. L. & P. Ry. Co.

agent settled with the sheriff, and for the plaintiffs in this case and defendants in the execution receipted to the sheriff for the balance of the purchase price. There may have been some mistake in that settlement, but the petition is not framed with a view of recovering on any such ground. The judgment is affirmed. All concur.