The State to use of Goddard–Peck & Co. v. Rayburn.

THE STATE OF MISSOURI to use of GODDARD–PECK & Co., Appellant, v. MOORE M. RAYBURN *et al.*, Respondents.

St. Louis Court of Appeals, October 25, 1892.

1. **Evidence:** SHERIFF'S RETURN TO WRIT: MATTER OF OPINION. Matters of opinion or excuse relative to the performance of a duty in the levy of a writ of attachment cannot be made evidence by stating them in the return. The sheriff's return is evidence only of official acts done in the usual course of proceedings.

2. **Practice, Trial:** OBJECTIONS TO EVIDENCE. But, when the sheriff's return contains such matter of opinion or excuse, it must be objected to on that ground, in order to entitle a party to the exclusion of it.

3. ————: WEIGHT OF EVIDENCE. The verdict in an action at law is conclusive as to an issue of fact, in regard to which there is a substantial conflict in the evidence.

*Appeal from the Iron Circuit Court.*—HON. J. F. GREEN, Judge.

AFFIRMED.

*W. H. Clopton, J. M. Emerson, Houck & Keaton* and *Thos. Metcalf*, for appellant.

(1) The material facts in this case are undisputed, and it is in such cases the duty of the appellate court to review the action of the trial court and decide whether its judgment was warranted by the facts. *Bruen v. Fair Ass'n*, 40 Mo. App. 425; *Waddell v. Williams*, 50 Mo. 216; *Moore v. Hutchinson*, 69 Mo. 429. The judgment of the court is so opposed to all reasonable probabilities, that it must be the result of mistake, bias or prejudice. *Garrett v. Greenwell*, 92 Mo. 120–125;

*Whitsett v. Ransom*, 79 Mo. 258; *Spohn v. Railroad*, 87 Mo. 74. (2) The court erred in admitting the amended return as evidence of the facts therein stated. The return of an officer on an execution (or writ of attachment) can only be evidence of the fact as between the parties when the facts stated are official acts done in the ordinary and usual course of proceedings. Matters of opinion, or excuse to perform a duty, cannot be made evidence by stating them in the return, but must be proved on the trial. *Lindley v. Kelly*, 42 Ind. 307; Crocker on Sheriffs, sec. 47, p. 32; Gwynne on Sheriffs, 476; *Holdeman v. Brassfield*, Littell's Cases, 271; *Bruce v. Dyall*, 5 Mon. 125; Murfree on Sheriffs, secs. 866, 867. (3) Had the sheriff's return been regular and responsive to the duties imposed on him by the writ of attachment, it would have been only *prima facie* evidence for him. *State v. Finn*, 100 Mo. 433; Freeman on Executions [2 Ed.] sec. 366; *Decker v. Armstrong*, 87 Mo. 316; *State v. Harrington*, 28 Mo. App. 293.

*Wilson Cramer*, for respondents.

ROMBAUER, P. J.—On the twenty-second day of August, 1881, appellants, J. W. Goddard *et al.*, brought suit by attachment in the circuit court of Dunklin county against S. W. Spiller *et al.*, doing business under the name of Spiller, Haynes & McRee. The writ was placed in the hands of respondent, Moore M. Rayburn, then sheriff, who attached certain books of account as the property of defendants, but afterwards released them. At the November term, 1881, the venue was changed to Stoddard county, and at the March term, 1882, of the circuit court of that county, plaintiffs obtained judgment sustaining their attachment.

An execution on this judgment having been returned *"nulla bona,"* the attaching plaintiffs immediately brought an action in the circuit court of Dunklin county on the sheriff's bond for the alleged wrongful release of the property attached.

The venue in this case was changed to Butler county, where trial was had at the November term, 1885, of the circuit court, resulting in a judgment for the defendants. On appeal to this court the judgment was reversed and the cause remanded. Upon that trial the plaintiffs failed to give any evidence tending to show that they were entitled to substantial damages, and the only point decided on appeal was that they were entitled to nominal damages notwithstanding such failure, and, hence, that the court erred in rendering judgment for defendants. 22 Mo. App. 303.

After the cause was remanded, the defendant sheriff appeared before the circuit court of Dunklin county, and prayed for leave to amend his return on the attachment writ. Due notice of this motion was given to the plaintiffs, and upon hearing of the motion the court permitted the amendment. The cause was thereupon again tried, resulting in a judgment for the defendants. The plaintiffs appealed to this court, and the judgment was again reversed on the ground that the circuit court of Dunklin county had no jurisdiction to amend the sheriff's return on a writ issued by the circuit court of Dunklin county, and tried and finally disposed of in the circuit court of Stoddard county, but that the circuit court of Stoddard county was the only tribunal that could permit such amendment, if permissible. 31 Mo. App. 385.

After the second reversal the defendant sheriff appeared before the circuit court of Stoddard county, and, upon notice to the plaintiffs of his application to amend his return, obtained leave to amend it, and did

amend his return on the original attachment writ so as to read as follows:

"Now on this thirteenth day of September, 1888, comes M. M. Rayburn, late sheriff of Dunklin county, and by leave of court first had and obtained, to amend his return of service of the writ of attachment in the cause above entitled, wherein Goddard, Peck & Co. were plaintiffs, and Spiller, Haynes & McRee were defendants, in accordance with the facts, being first duly sworn, do *(sic)* hereby state, certify and return that upon receipt of said writ on or about the twenty-third day of August, 1881, by the direction of Thomas Metcalf, one of the attorneys for the attachment plaintiffs, I proceeded to the place indicated by said attorney to execute said writ as by him directed; that upon reaching the place with said attorney we found the property, now the subject of controversy in a suit pending in the circuit court of Butler county, Missouri, wherein the state of Missouri *ex rel.* Goddard–Peck & Co. is plaintiff, and M. M. Rayburn *et al.* are defendants, viz.: A ledger and book of accounts in the store occupied as the business house of J. S. Kochtitzky & Co., in the town of Malden, Dunklin county, in charge of E. W. Hill, their bookkeeper, to whom I announced that I attached them at the suit of Goddard–Peck & Co., against Spiller, Haynes & McRee. I was then informed by said Hill that said ledger and book of accounts were the property of J. S. Kochtitzky & Co., and that said Spiller, Haynes & McRee had no interest therein; that I immediately communicated these facts fully to plaintiffs' said attorney, who referred me for advice and counsel in the premises to John P. Taylor, who was also one of said plaintiffs' attorneys in said cause, who, he informed me, would instruct and direct me in relation to said property and the execution of said writ; that thereupon I instructed

one of my deputies, Stephen Kitchen, to look after and watch said property until I should consult said Taylor as to what I should do in the premises, and after a full and fair statement of all the facts in the premises [he] advised me that I would not be safe in holding said property, the ledger and book of accounts, under plaintiffs' attachment, and directed me to not prosecute said levy further, but to abandon the further prosecution of the levy and to release said property to the claimants, J. S. Kochtitzky & Co.; that, in pursuance of said advice and direction, I did on the twenty-fifth day of August, 1881, release said ledger and book of accounts as directed by said attorney, and abandon the further attempt to levy said writ as directed by plaintiffs' attorney, whose advice and direction in the premises I in all things carried out as directed, and, believing that the attachment had been by plaintiffs abandoned, so far as related to said ledger and book of accounts, wrote up the hasty and incomplete return as originally appears upon said writ.

" (Signed) M. M. RAYBURN,
" Late Sheriff of Dunklin County."

The plaintiffs were represented by counsel when this amendment was made, but if they took any exceptions to the action of the court in permitting the amendment, which does not appear, they failed to prosecute such exceptions, and took a voluntary nonsuit in the cause.

The present action was instituted on November 21, 1889, after such return was amended, and is an action not for a false return, but an action against the sheriff for neglect of duty in releasing the original levy of attachment without warrant. The petition is substantially the same as in the former suit. The answer, among other things, states that the property was released from attachment by direction of the plaintiffs'

attorneys.   Upon the trial of the cause the plaintiffs gave evidence to support their cause of action.   The defendants thereupon called John P. Taylor, who testified as follows:

"I have lived in Dunklin county, Missouri, for thirty-five years.   I have resided mostly at Clarkton. I have been a lawyer for thirty years.   I know Moore M. Rayburn, and was one of the attorneys for plaintiffs in the case of Goddard–Peck & Co. *v.* Spiller, Haynes & McRee.   Metcalf wrote the petition.   Rayburn came to my house to consult me about this property that was levied on.   He said he had levied on some property. He said the property he had levied on, or was about to levy on, was in the hands of Kochtitzky, and that he had demanded an indemnifying bond of Goddard–Peck & Co.   I told Rayburn that, as the property was in the hands of a third party, I did not think it was safe for him to retain the levy.   I placed my advice on the ground that it was not safe for him to act without an indemnifying bond; that I would not go on the bond myself, nor ask my friends to go on it; that the best thing he could do would be to release the levy.   I did not think he would be safe in holding it without an indemnifying bond.   I was acting for Goddard–Peck & Co., and was not attorney for Rayburn.   [To the court.]   I did not assist Mr. Metcalf in drawing the petition, nor did I see the return of the sheriff.   I did not assist in writing the sheriff's return.   I had nothing to do with his making out his return."

The defendants also gave in evidence the sheriff's amended return, as above set out, which was objected to on the ground that the deputy who made the levy was dead, and that the amendment was made on the testimony of Rayburn alone, who testified solely from memory.   These objections were overruled, and the plaintiffs excepted; but these exceptions are not pressed

in this court, and are, in fact, untenable. The plaintiffs in rebuttal called Thomas Metcalf, who, among other things, stated that, when Rayburn came to him about the indemnifying bond, he told him that Taylor was associated with him; that he could go to him.

The points urged for reversal of the judgment are, that the court erred in admitting the amended return as evidence of the facts therein stated, and that there was no substantial evidence to support the judgment. The rule unquestionably is, that matters of opinion or excuse relative to the performance of a duty cannot be made evidence by stating them in the return, but must be proved at the trial. The sheriff's return is evidence only of matter of official acts done in the usual course of proceedings. *Lindley v. Kelly,* 42 Ind. 307. But, when the sheriff's return was offered in evidence, it was not objected to on the ground that it contained matters of opinion or excuse, but on a wholly different ground. The court, on a proper objection being made, would probably have excluded from the sheriff's return all that was matter of opinion and surplusage, and detailed narration of events. The controlling fact stated therein, that the property was released from levy by direction of the plaintiffs' attorneys, was the statement of an official act done in the usual course of proceedings, and does not fall within the rule excluding extraneous matter. For the purposes of this case, it is wholly immaterial whether the sheriff's return was conclusive evidence of the facts therein stated, or, as intimated in *State v. Finn,* 100 Mo. 433, only *prima facie* evidence. The testimony of Taylor, as above set out, corroborated the sheriff's return, and so does, to a slight extent at least, the testimony of Metcalf, both of whom were attorneys for the plaintiffs, the latter being also a witness for the plaintiffs. The mere fact that

the sheriff, at the date of the levy and for many years thereafter, claimed that he was entitled to an indemnity bond, does not disprove the fact that he was advised by the plaintiffs' attorneys to release the levy. If there were any conflict between these two facts (a proposition which is not obvious), it was for the trier of the facts to solve the conflict; and, the trial court having solved it on substantial evidence against the plaintiffs, its action is necessarily conclusive.

It results that the judgment must be affirmed, and, with the concurrence of the other judges, it is so ordered.