## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

MARCH TERM, 1905.

---

*(Continued from Volume 112.)*

---

JOHN KERR, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD CO., Appellant.

Kansas City Court of Appeals, May 22, 1905.

1. **RAILROADS: Communicating Fire: Justices' Courts: Jurisdiction: Return.** Suits against railroads for communicating fire to adjoining properties may be brought in a township where the defendant may be found; and the return of the constable showing service on defendant's station agent in the township of the justice is conclusive evidence of the justice's jurisdiction.

2. **————: ————: Operating Engine: Evidence: Ownership.** Evidence is held sufficient to show that the defendant owned the railroad passing through plaintiff's farm, and the presumption follows that the engine was operated by its servant.

3. **————: ————: Evidence: Burden: Instruction.** An instruction that if the jury "believe and find from the evidence, etc.," is sufficient. If the defendant wanted an instruction regarding the preponderance of the evidence it should have asked for it.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

113 app—1 (1)

AFFIRMED.

*J. G. Trimble* and *Wilson & Clapp* for appellant.

(1) The demurrer to the evidence should have been sustained. Before the defendant company can be held liable, it must appear from the evidence that it was operating the road and running the engine that set out the fire. R. S. 1899, sec. 1111. (2) An instruction should not be given if there is no evidence on which to base it. Paddock v. Somes, 102 Mo. 226; Jennings v. Jennings, 48 Mo. App. 528; Culberson v. Railroad, 50 Mo. App. 556; Wylie v. Waddell, 52 Mo. App. 226; Day v. Railroad, 81 Mo. App. 471; Marr v. Bunker, 92 Mo. App. 651. (3) The justice of the peace who heard and rendered judgment in this cause had no jurisdiction to try the same, and the circuit court acquired none on appeal. R. S. 1899, sec. 3839. (4) Justice courts have only such jurisdiction as the statute expressly gives them, and the facts giving such jurisdiction must affirmatively appear on the face of their proceedings. Bank v. Doak, 75 Mo. App. 332. And such facts must be proved on the trial. Warden v. Railroad, 78 Mo. App. 664. (5) Objections to jurisdiction of subject-matter cannot be waived, may be raised at any stage of the proceedings, and for the first time in the appellate court. Vaughn v. Railroad, 17 Mo. App. 4; McQuoid v. Lamb, 19 Mo. App. 153; Fisher v. Davis, 27 Mo. App. 321; Cooper v. Barker, 33 Mo. App. 181; Haggard v. Railroad, 63 Mo. 302. (6) Nothing will be presumed to be within the jurisdiction of inferior courts. Their jurisdiction must appear by the record in all cases where it is directly attacked. State v. Metzger, 26 Mo. 65; Hansberger v. Railroad, 43 Mo. 196; Matson v. Railroad, 80 Mo. 229; Rohland v. Railroad, 89 Mo. 180; Ex parte O'Brien, 127 Mo. 477; State ex rel. v. Court, 66 Mo. App. 96.

*Wattenbarger & Bingham* and *R. E. Ash* for respondent.

(1) This evidence is sufficient to prove that defendant's engine set out the fire which caused the damages complained of. Kenney v. Railroad, 70 Mo. 243. (2) There was evidence on every issue raised by plaintiff's first instruction. If there is any evidence it must be submitted to the jury who are the judges of its weight and sufficiency. Deere v. Plant, 42 Mo. 60; McFarland v. Bellows, 49 Mo. 311; Baum v. Fryrear, 85 Mo. 151; Mathews v. Railroad, 26 Mo. App. 75; Taylor v. Short, 38 Mo. App. 21. However slight it may be and whether direct or inferential. Hays v. Bell, 16 Mo. 496; Emmerson v. Sturgeon, 18 Mo. 170; Rippey v. Freede, 26 Mo. 523; Gutridge v. Railroad, 105 Mo. 520. (3) The statement filed with the justice lays the venue of the case in Penn township, Sullivan county, Missouri. The transcript of the justice shows that suit was commenced in said township before Jas. A. Branaman, a justice of said township in which the injury happened. His certificate to the transcript designates him as a justice of that township. The return of the constable on the summons shows that it was served by leaving a copy with John Newell, station agent at Green City, Penn township, Sullivan county, Missouri, and in charge of the office of the defendant company. Palmer v. Railroad, 76 Mo. 217. There can be no doubt but what the company had a station agent in Penn township.

BROADDUS, P. J.—This suit was brought before a justice of the peace where plaintiff recovered judgment and defendant appealed to the circuit court where plaintiff again recovered and defendant appealed to this court.

The complaint alleges that defendant was the owner and operator of a railroad located through his farm in Penn township, Sullivan county, Missouri; that on

November 22, 1903, defendant, while engaged in operating an engine and train of cars over said railroad through plaintiff's land, negligently permitted said engine to emit sparks of fire onto his said land which set fire to and destroyed thereon ten tons of hay of the value of $50 and five acres of blue grass of the value of $20. The verdict and judgment were for plaintiff in the sum of $50.

Defendant's counsel conceded that the evidence admitted the inference that the fire was occasioned by sparks from the engine. It is, however, contended by defendant that there is nothing in the evidence showing that the justice of the peace had jurisdiction; or that defendant owned or operated the railroad in question. It is claimed that there was no showing that plaintiff resided in Penn township or that defendant had a station agent in the township.

Plaintiff was asked if he was the owner of the land described in the petition and he answered that he was. This was all the evidence as to plaintiff's residence. But the return of the constable contains a recitation that the writ was served on defendant's station agent in Penn township. This was conclusive evidence that the court had jurisdiction. Section 3839, Revised Statutes 1899, provides that suits of this kind may be brought in the township where the defendant may be found. It is not an action for killing or injuring animals which must be brought before a justice of the peace in which the injury happened. The law makes it the duty of the constable to make a truthful return of service, which is conclusive upon the parties to the suit. [State ex rel. Beckwith v. Finn, 100 Mo. 429; Decker v. Armstrong, 87 Mo. 316.]

The next contention of defendant is that it nowhere appears that the engine in question was operated by the defendant's servants. The plaintiff was asked the following question: "Does the defendant railroad company run through your farm, Mr. Kerr?" His answer was:

"Yes, sir; it runs along the side of my farm." Similar evidence has been held sufficient to support an allegation of ownership. In Geiser v. Railroad, 61 Mo. App. 459, where the witness stated that the mule was killed on the Jackson branch of the St. Louis, Iron Mountain & Southern railway, the court said: "This evidence was received without objection. Some evidence of the fact of ownership was necessary, but full proof ought not to be exacted from plaintiff, especially when no intimation is made that the claim is resisted on that ground." That case and the one before us are parallel upon principle in every important particular. If the defendant was the owner of the railroad in question the presumption, in the absence of evidence to the contrary, is that defendant was operating it.

It is also contended that the court committed error in giving plaintiff's first instruction. It reads: "The court instructs the jury that if they believe and find from the evidence," etc. The objection is that it fails to place the burden of proof upon plaintiff to prove his case by a *preponderance* of the evidence. The instruction is good enough as it stands. The jury are instructed that they must arrive at a verdict from the evidence; that is, from all the evidence in the case. If defendant wanted the jury instructed as to the preponderance of the evidence, it ought to have asked the court to so instruct. But it failed in that respect, for which reason it is in no condition to avail itself of a technical error at most; and when it could have had, by asking, an instruction imposing the burden of proof upon plaintiff.

We find no error in the trial. Affirmed. All concur.