# Mobile Light & Railroad Company v. MacKay.

### Motion Granting New Trial.

(Decided Jan. 20, 1909.　48 South. 509.)

1. *Evidence; Burden of Proof.*—Where plaintiff alleges that by the negligent operation of the car by the agents or servants of defendant on its street railway, his mule was killed, the burden is on him to support the allegation that the defendant operated the car.

2. *Same.*—The words, "railroad" and "railway" being practically synonymous, and it being alleged that the car which killed the mule was operated by the Mobile Light & Railroad Company, a corporation, the jury could infer that the corporations were the same where the evidence tended to show that the mule was killed on a certain street in the city of Mobile, that the railroad tracks run on such street, that the track was the track of the Mobile Light & Railway Company, and that they operated cars on that street; there being no evidence of any other corporation of a similar name operating cars.

3. *Same; Judicial Notice; Existence of Other Corporations.*—It is not a matter of judicial knowledge that there is or is not another corporation of a name similar to the one sued as the defendant.

APPEAL from the Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Alexander Mackay against the Mobile Light & Railroad Company. After an adverse judgment, plaintiff's motion for new trial was granted, and defendant appeals. Affirmed.

[Mobile Light & Railroad Company v. MacKay.]

GREGORY L. & H. T. SMITH, for appellant. Counsel insist that the court will not take judicial knowledge that the Mobile Light & Railway Company and the Mobile Light & Railroad Company, are one and the same corporation, and that the trial court erred in granting a new trial on that assumption.—*McGhee v. Cashin,* 130 561.

BESTOR, BESTOR & YOUNG, for appellee. No brief came to the Reporter.

TYSON, C. J.—The defendant is named in the caption of the complaint as "Mobile Light & Railroad Company, a corporation." The complaint is for the recovery of damages for the negligent killing of plaintiff's mule. In it is averred that "defendant, being then and there a corporation doing business as a street railroad company, and operating a street railroad in the city of Mobile, * * * did through its agents and servants so negligently and carelessly operate one of its electric street cars on its street railroad track in the city of Mobile aforesaid," etc. On the authority of *McGhee v. Cashin,* 130 Ala. 561, 568, 30 South. 367, it must be held the burden was upon the plaintiff to offer some proof tending to support the allegation that defendant operated the car on its street railroad that killed plaintiff's mule. If the evidence afforded no reasonable inference of this fact, then the ruling of the court in excluding the testimony introduced in plaintiff's behalf and the giving of the affirmative instruction requested by defendant was correct, and the new trial should not have been ordered. On the other hand, if by any reasonable and fair construction of the testimony it could be found by the jury that the defendant was operating the car on its road

that did the damnifying act complained of, the rulings of the court were erroneous, and the motion for the new trial was properly granted.

On this point the plaintiff as a witness testified: "That he had a mule killed  *  *  * on Eslave street, * * * in the city of Mobile. The railroad track runs on that street. That it was the track of the Mobile Light & Railway. That they operated cars down that street." It will be observed that, had the witness employed the word "railroad," instead of "railway," it could hardly be contended that the jury would not be authorized to find that it was the defendant that was operating the car on its road at the point where the mule was killed. The two words "railroad" and "railway" have substantially the same meaning, and in common parlance are understood as meaning the same thing. A railway is certainly a railroad. Indeed, the words may be said to be synonymous. Suppose an amendment of the complaint had been allowed, striking out the word "railroad" and inserting in lieu thereof "railway;" could it be said that it would have wrought an entire change of the parties defendant? Would not the court have the right to infer that it was the same corporation? We think so.—*Savannah, Americus & Montgomery Railway v. Buford,* 106 Ala. 303, 17 South. 395 and cases therein cited. If this be true, then certainly the jury would be authorized to infer, from the testimony quoted, that it was the defendant that was operating the car on its road.

And this, in our opinion, is certainly true, in the absence of all testimony showing that there was another existing corporation of a similar name. If there be such a corporation, we cannot judicially know it.—*Western Ry. of Ala. v. McCall,* 89 Ala. 375, 7 South. 650. In that case it was said: "When they (corporations) are parties to litigation, they should be designated by their cor-

porate name; but a slight departure would be immaterial, provided they would be readily recognized by the name used." Speaking of the distinction between the names of natural persons and of corporations, Mr. Thompson in his Commentaries on the Law of Corporations (volume 1, § 285), uses this language: "It has been said: 'The name of a corporation * * * designates the corporation in the same manner that the name of an individual designates the person. There is this difference, however: That the alternation of a letter or transposition of a word usually makes an entirely different name of the person, while the name of a corporation frequently consists of several descriptive words, and the transposition of them, or any interpolation, or omission, or alteration of some of them, may make no essential difference in their sense."

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ. concur.