HELEN F. LYNETT, Respondent, *v.* SEA BEACH RAILWAY COMPANY, Appellant.

Second Department, May 11, 1917.

Railroad — negligence — pleading — denial of plaintiff's allegation that injuries were caused on the defendant's railroad — burden of proof as to incorporation.

Where a defendant railroad company sued for personal injuries makes a general denial to the plaintiff's allegation that it is a domestic corporation "engaged in the operation of an elevated railroad from Manhattan

to Coney Island, in the city of Brooklyn, New York, for the carriage of passengers," the plaintiff having been injured in the borough of Brooklyn, a judgment in her favor will be reversed where the evidence does not show any relation of the defendant to the railroad line on which the plaintiff was injured, and it does on the contrary indicate that another railroad company was operating the line.

The denial of the defendant did not require the plaintiff to prove that it was a corporation, as the defendant did not affirmatively allege that it was not incorporated, but it did cast upon the plaintiff the burden of showing that the defendant was operating the railroad on which she was injured.

APPEAL by the defendant, Sea Beach Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of November, 1916, upon the verdict of a jury for $900.

*D. A. Marsh* [*George D. Yeomans* with him on the brief], for the appellant.

*Joseph R. Clevenger,* for the respondent.

THOMAS, J.:

The plaintiff has a judgment for injuries received on New Utrecht avenue as she was entering a Sea Beach line car at Sixty-second street. Presumably the *locus* was in the borough of Brooklyn. The complaint alleges that the defendant is a domestic corporation " engaged in the operation of an elevated railroad from Manhattan to Coney Island, in the city of Brooklyn, New York, for the carriage of passengers." To that there is a general denial. The answer involves a denial (1) that the defendant was a corporation; (2) that it was operating the railway as alleged. As there is no affirmative allegation in the answer that the defendant is not a corporation, the plaintiff was not required to prove it. (Code Civ. Proc. § 1776.) But a corporation may exist even under the name of the Sea Beach Railway Company and yet not be operating the railway whereby the plaintiff was hurt. There was a railway, and there were railway cars. Where did the railway begin ? Where did it end ? What place did it traverse ? What relation

did this corporation bear to it? To operate what line of railway was the defendant organized? What is stated in its articles of association, or any statute? The record is silent as to every such thing, unless it be found in the following. A witness was asked, "Q. What sort of a car was this? A. Sea Beach line." Is evidence that the plaintiff was entering a "Sea Beach line" car proof that a company called the "Sea Beach Railway Company" owned the car and was operating it? Du Casse testified that on the day he was "conductor on the Sea Beach line of the New York Consolidated Railroad Company," and the record shows that he was engaged on the train in question. That indicates that another company was operating both the line and the car, and precludes a possible inference that the defendant was operating it on account of identity or similarity of name. I have examined *Indianapolis & Northwestern Traction Co.* v. *Henderson* (39 Ind. App. 324); *Mobile Light & Railroad Co.* v. *MacKay* (158 Ala. 51); *Kerr* v. *Quincy, etc., R. R. Co.* (113 Mo. App. 1); *Walsh* v. *Missouri Pac. Ry. Co.* (102 Mo. 582, 585); *Geiser* v. *St. Louis, I. M. & S. Ry. Co.* (61 Mo. App. 459); *Keltenbaugh* v. *St. Louis, A. & T. Ry. Co.* (34 id. 147) and *Chicago Union Traction Co.* v. *Jerka* (227 Ill. 95). In each case facts appeared that showed that the defendant was the operator of the railway, or permitted an inference that it was so, and there was nothing to rebut it. The difficulty here is that the evidence does not show any relation of the defendant to the line, while it does show an operating relation of another company to the line and that such other company's servant was the conductor of the train.

The judgment should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.